GARCIA (Gloria), Appellant, v. HARGROVE and another, Defendants: URSO, Administrator w.w.a., Respondent: GARCIA (Roberto), Third-Party Defendant.

*No. 172. Argued September 8, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 181.)

For the appellant there was a brief by *Richard A. Heilprin,* and oral argument by *Danny G. Graff,* both of Madison.

For the respondent there was a brief and oral argument by *Robert J. Mueller* of Madison.

WILKIE, J. In *Garcia I* this court considered at length the questions raised in holding a purveyor of liquor liable for the negligent acts of an able-bodied man who is served liquor and becomes intoxicated. In a four to three decision this court held, "The controlling consideration is one of public policy, and it is the determination of this court that reasons of public policy dictate liability not be extended as proposed by plaintiff." [1]

Appellant has now redrafted her complaint. The difference between the two complaints is that in the pres-

---

[1] *Garcia v. Hargrove* (1970), 46 Wis. 2d 724, 732, 733, 176 N. W. 2d 566.

ent complaint appellant specifically enumerates alleged violations of secs. 176.30 (1) [2] and 66.054 (9) (c),[3] Stats., while in *Garcia I* the allegation was that respondent was "in violation of the laws of the State of Wisconsin."

Two issues are presented by this appeal. They are:

1. Does appellant now state a cause of action because she alleges respondent's actions were in violation of specific statutes constituting negligence per se?

2. Does the decision of the United States Supreme Court in *Wisconsin v. Constantineau* provide a basis for this court's reversing the decision in *Garcia I?*

*The effect of the negligence per se allegation.*

We see no difference on this appeal between the new complaint and that considered inadequate in *Garcia I.* Although the present complaint labels alleged acts in violation of statutes as negligence per se, this misses

---

[2] "176.30 **Minors; intoxicated persons; hospitals.** (1) SALE TO MINOR OR INTOXICATED PERSON; PENALTY. Any keeper of any place of any name whatsoever for the sale of any intoxicating liquors who shall sell, vend or in any way deal or traffic in, or for the purpose of evading any law of this state relating to the sale of liquors, give away any such liquors in any quantity whatsoever to or with a minor, or to any person intoxicated or bordering on a state of intoxication, and any person whatever who shall procure for, or sell, or give away, to any minor, whether upon the written order of the parents or guardian of such minor or in any other manner whatsoever, or to any intoxicated person, any such liquors shall be punished by a fine of not less than $100 nor more than $500, or by imprisonment in the county jail or house of correction not to exceed 60 days, or by both such fine and imprisonment."

[3] "66.054 (9) CONDITIONS OF LICENSES. Wholesalers' and retailers' licenses shall be issued subject to the following restrictions:
. . .

"(c) No fermented malt beverages shall be sold to any person who is intoxicated." (Sec. 66.054 (15), Stats., provides that violation shall be deemed a misdemeanor.)

the point that under *Garcia I* this court held that as a matter of public policy it would preclude appellant from asserting a valid cause of action. Even if the statutory violations constitute negligence per se [4] the public policy considerations which prompted this court in *Garcia I* to deny liability for the alleged negligent acts under the common law are the same public policy considerations which bar liability under this complaint.

### *The effect of the decision of the United States Supreme Court in Wisconsin v. Constantineau.*

In *Wisconsin v. Constantineau* [5] the Supreme Court of the United States declared the Wisconsin "posting" statute, sec. 176.26, unconstitutional as constituting a denial of procedural due process guaranteed by the fourteenth amendment. The statute provided that various persons could forbid in writing the sale or gift of intoxicating liquor to one who, by excessive drinking, exhibited described conditions or specified traits. Appellant contends that the United States Supreme Court decision in *Constantineau* requires re-examination of the questions decided in *Garcia I.* We think not.

Appellant argues that in *Farmers Mut. Automobile Ins. Co. v. Gast* [6] this court held that the doctrine of common-law negligence per se for violation of the safety statute was not applicable because of legislative preemption of the field by the enactment of sec. 176.35, Stats., which provides for civil liability for any person who sells liquor to a minor or a person who has been "posted," pursuant to sec. 176.26. Now that sec. 176.26

[4] *Meihost v. Meihost* (1966), 29 Wis. 2d 537, 540, 139 N. W. 2d 116; *Kalkopf v. Donald Sales & Mfg. Co.* (1967), 33 Wis. 2d 247, 256, 147 N. W. 2d 277; *Blanchard v. Terpstra* (1967), 37 Wis. 2d 292, 298, note 1, 155 N. W. 2d 156.

[5] (1971), 400 U. S. 433, 91 Sup. Ct. 507, 27 L. Ed. 2d 515.

[6] (1962), 17 Wis. 2d 344, 348, 117 N. W. 2d 347.

has been declared unconstitutional, appellant argues that sec. 176.35, by implication, also is invalid. Thus appellant concludes that since the statute held to be pre-emptive in *Gast* is now invalid there is no longer legislative pre-emption and the common-law rules of negligence per se should apply.

Appellant is wrong on two points. First, she fails to recognize the policy determination made by this court in *Garcia I*. Second, *Garcia I* was not a case dealing with legislative pre-emption and was decided on policy grounds. The same result would follow here. We must conclude, therefore, that *Constantineau* in no way forms a basis for altering this court's opinion in *Garcia I*.

The present court is identical to the court which divided four to three in *Garcia I* and no justice has changed his fundamental views on this matter as outlined in both the majority and dissenting opinions in that case. On this appeal the court is presented with what amounts to a replay of the matter and nothing new has been presented that would in any way alter this court's opinion in *Garcia I*.

*By the Court.*—Judgment affirmed.