IN RE the ESTATE OF Charles P. DRAB:
ESTATE OF Charles P. DRAB, Appellant,

v.

Mildred ANDERSON, Respondent.

Court of Appeals

*No. 87–0799. Submitted on briefs December 16, 1987.—Decided
February 23, 1988.*

(Also reported in 422 N.W.2d 144.)

For the appellant, there were briefs submitted by *Jeffery J. Drach* of *Drach Law Firm,* of Wausau.

For the respondent, there was a brief submitted by *Jerry D. McCormack,* of Antigo.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. The estate of Charles P. Drab appeals a civil judgment finding that Edward Drab, as personal representative of the estate, intentionally harassed Mildred Anderson, sec. 947.013, Stats. The dispositive issue on appeal is whether the violation of sec. 947.013, the harassment statute, creates a civil cause of action. Because we conclude that sec. 947.013 is not a safety statute and does not grant a private right of action for its violation, we reverse the judgment and remand with directions to dismiss.

This case arose out of a probate proceeding. Throughout the five-year probate, there had been a dispute between Edward Drab and Mildred Anderson concerning whether certain assets in Anderson's pos-

session properly belonged to the estate. A jury trial resulted from Anderson's counterclaim alleging that Edward Drab had intentionally harassed her causing severe emotional distress. The trial court found the evidence was insufficient to submit the claimed intentional infliction of emotional distress instruction to the jury. However, the court determined that there was a cause of action for harassment pursuant to sec. 947.013.[1] The jury found that Edward Drab had intentionally harassed Anderson and awarded her compensatory damages.

On appeal, the estate argues that sec. 947.013 is not a safety statute, and therefore a violation of this statute does not create a civil cause of action. The interpretation of a statute presents a question of law that we decide without deference to the trials court's conclusion. *Bonn v. Haubrich,* 123 Wis. 2d 168, 171–72, 366 N.W.2d 503, 505 (Ct. App. 1985).

A safety statute is a legislative enactment intended to protect a class of persons from a particular harm. *Walker v. Bignell,* 100 Wis. 2d 256, 268, 301 N.W.2d 447, 454 (1981); Restatement (Second) of Torts, secs. 286 and 288 (1965). If a statute is a safety statute, a civil cause of action is created and a violation of that

---

[1]Section 947.013 provides:

**Harassment.** (1) Whoever, with intent to harass or intimidate another person, does any of the following is subject to a Class B forfeiture:

　(a)　Strikes, shoves, kicks or otherwise subjects the person to physical contact or attempts or threatens to do the same.

　(b)　Engages in a course of conduct or repeatedly commits acts which harass or intimidate the person and which serve no legitimate purpose.

　(2)　This section does not prohibit any person from participating in lawful conduct in labor disputes under s. 103.53.

statute is negligence per se. *Walker,* 100 Wis. 2d at 268, 301 N.W.2d at 454. However, not every criminal statute is a safety statute. *See Olson v. Ratzel,* 89 Wis. 2d 227, 232–45, 278 N.W.2d 238, 242–45 (Ct. App. 1979). In *Olson,* we stated:

> The Restatement principles restrict the applicability of criminal standards of conduct to civil liability to the particular interest of the protected class as against a particular hazard and kind of harm. Where a statute's purpose is to secure a right to individuals only as members of the public, the Restatement principles do not require adoption of the statutory duty in negligence actions.

*Id.* at 242, 278 N.W.2d at 245.

■

We conclude that the legislature did not intend to protect a specific class of persons from harassment. Neither the statute's history nor its language expresses an intention to protect a particular class of people. The statute's inherent purpose "was to extend to the individual the protections long afforded to the general public under disorderly conduct or breach of peace statutes."[2] *Bachowski,* 139 Wis. 2d at 408–09, 407 N.W.2d at 538. While the purpose is to protect members of the general public, the statute fails to

---

[2]Although, this purpose was not expressly articulated by the Wisconsin drafters, an examination of the history of sec. 947.013 indicates that sec. 947.013 was based substantially on a New York statute, which in turn was based on sec. 250.4 of the American Law Institute's Model Penal Code. *Bachowski v. Salamone,* 139 Wis. 2d 397, 408–09, 407 N.W.2d 533, 538 (1987). The commentary accompanying the New York statute and the model penal code both articulated that the legislature's purpose "was to extend to the individual the protections long afforded to the general public under disorderly conduct or breach of peace statutes." *Id.*

identify any "class" for whom the legislature intended to protect from harassment.

Furthermore, sec. 947.013 does not articulate an intention to change the common law by creating civil liability. The common-law tort for intentional infliction of emotional distress is well established. *Alsteen v. Gehl,* 21 Wis. 2d 349, 124 N.W.2d 312 (1963). To recover damages, the plaintiff must establish that the purpose of the conduct was to cause emotional distress, that the conduct was extreme and outrageous, that it was the cause in fact of the plaintiff's injury, and that the plaintiff suffered an extreme disabling emotional response. *Id.* at 359–61, 124 N.W.2d at 318. Under sec. 947.013, if used as the basis for a civil claim, the plaintiff need only establish that the defendant intended to harass or intimidate and that the defendant engaged in a course of conduct or repeatedly committed acts that were harassing or intimidating, and that served no legitimate purpose. The plaintiff need not establish that the conduct was extreme and outrageous, that it was the cause in fact of the plaintiff's injury, and that the plaintiff suffered from an extreme disabling emotional response.

█ Therefore, by recognizing sec. 947.013 as creating a civil cause of action, we would modify the common-law tort for intentional infliction of emotional distress. We will not construe a statute as changing the common law unless the statute "clearly and beyond any reasonable doubt expresses such a purpose by language that is clear, unambiguous and peremptory." *Olson,* 89 Wis. 2d at 239–40, 278 N.W.2d at 244 (quoting *Grube v. Moths,* 56 Wis. 2d 424, 437, 202 N.W.2d 261, 268 (1972)).

Section 947.013 does not clearly express such a purpose. The statute's language is devoid of any indication that a violation of this statute creates a civil cause of action. In addition, the legislature has created sec. 813.125, Stats., which sets forth procedures for obtaining civil injunctive relief to avoid the type of behavior made unlawful by sec. 947.013. If the legislature had intended to create civil liability under sec. 947.013, it could have done so under either of these statutes.

Accordingly, we conclude that sec. 947.013 is not a safety statute and does not grant a private right of action for its violation. We reverse the judgment and remand with directions to dismiss.

*By the Court*—Judgment reversed and cause remanded with directions.