John DZIEWA, Plaintiff-Appellant,

v.

Ursula VOSSLER, Heidi Vossler, and American
Family Mutual Insurance Company,
Defendants-Respondents.

Supreme Court

*No. 87–1866. Argued January 30, 1989.—Decided April 24, 1989.*

(Also reported in 438 N.W.2d 565.)

For the plaintiff-appellant there was a brief by *C. James Heft* and *Heft, Paulson & Nichols, S.C.,* Racine, and oral argument by *C. James Heft.*

For the defendants-respondents there was a brief by *Robert H. Bichler* and *Thompson & Coates, Ltd.,* Racine, and oral argument by *Mr. Bichler.*

LOUIS J. CECI, J.   This case is before the court on certification from the court of appeals, pursuant to sec. (Rule) 809.61, Stats. Plaintiff John Dziewa (appellant) appeals from a judgment of the circuit court for Racine county, John C. Ahlgrimm, Circuit Judge, granting summary judgment to defendants Ursula Vossler, Heidi Vossler, and American Family Mutual Insurance Company (respondents). The issue presented for review is whether a minor has a cause of action for personal injuries against a social host who provided intoxicating liquors to the minor. We affirm the circuit court decision granting summary judgment to the respondents.

The facts of this case are as follows. The appellant was seventeen years old on August 3, 1985, when he consumed alcoholic beverages at a party hosted by the respondent, Heidi Vossler, who was eighteen years old. Both the appellant and Heidi Vossler were underage for the purpose of consuming alcoholic beverages at the time. The party was held at the Vossler residence, located on Wind Lake in the village of Wind Lake. Upon arrival at the Vossler residence, the appellant paid Heidi Vossler two or three dollars to help defray the cost of the beer provided at the party. The appellant then proceeded to consume one mixed drink (a water glass one-third full of brandy and the remainder filled with soda and ice) and eight cups of beer while at the party.

The appellant then left the Vossler residence and went into the back yard, where he was joined by his friend, Tony Booth. While in the yard, Booth and the appellant decided to go swimming in Wind Lake. Before entering the water, the appellant knelt down on a pier located in the back of the Vossler residence to check the temperature and depth of the water. The appellant's hand touched the bottom, indicating that the water was approximately a foot deep. Booth then jumped feet first into the lake, and the appellant followed him into the lake by diving head first. The appellant hit the bottom of the lake and sustained a broken neck, which has rendered him a quadriplegic.

On June 6, 1986, the appellant brought this personal injury action against the respondents, alleging that Heidi Vossler was negligent in serving intoxicating liquors to a minor and that she failed to have her party properly supervised. The respondents moved for summary judgment. In a memorandum decision dated September 9, 1987, the circuit court granted summary

judgment to the respondents. Judgment was entered on September 23, 1987. The appellant appealed from the summary judgment. On June 1, 1988, the court of appeals requested certification to this court, which was granted by this court on June 14, 1988.

In reviewing a trial court's grant of summary judgment, this court must apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the trial court. *Garrett v. City of New Berlin,* 122 Wis. 2d 223, 228, 362 N.W.2d 137 (1985), citing *Kremers-Urban Co. v. American Employers Ins. Co.,* 119 Wis. 2d 722, 733, 351 N.W.2d 156 (1984). This court begins with an examination of the pleadings to determine whether a claim for relief has been stated and then shifts its inquiry to determine whether there exist any material issues of fact. *Maynard v. Port Publications, Inc.,* 98 Wis. 2d 555, 558, 297 N.W.2d 500 (1980). In the instant case, the question is whether the appellant has stated a claim for relief under the common law of Wisconsin. Whether a claim for relief exists is a question of law which this court reviews independently, without deference to the trial court. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

In *Koback v. Crook,* 123 Wis. 2d 259, 366 N.W.2d 857 (1985), a social host had served intoxicating liquors to a minor. Thereafter, the minor drove his motorcycle, carrying a passenger, and struck a parked car, causing severe personal injuries to the passenger. *Id.* at 262. This court held that the passenger, as a third party, had a cause of action against the social host. *Id.* at 276–77. However, because of the precedential nature of that cause of action and for public policy reasons, we established September 1, 1985, as the prospective date of social host liquor liability for all subsequent cases

stating a claim for relief against a social host. *Id.* at 277. The injury in the present case occurred on August 3, 1985. Therefore, to determine whether the appellant has a cause of action, this court must first determine whether or not the *Koback* holding applies. If *Koback* does not apply, then this court can make a determination on whether there exists a material issue of fact. However, if *Koback* applies, the *Koback* holding will determine the disposition of this case.

The appellant argues that this is a case of first impression, and, therefore, *Koback* does not apply. He makes the distinction that the *Koback* holding applied only to social host liability to a third party for serving intoxicating liquors to a minor and did not apply to the social host's liability to the minor. We disagree. For the purposes of the *Koback* holding, the distinction raised by the appellant is without merit.

The *Koback* decision extended the abrogation of the common-law nonliability rule to include a social host serving intoxicating liquors to a minor. At that time, this court said that for the reasons previously stated in *Sorensen v. Jarvis,* 119 Wis. 2d 627, 350 N.W.2d 108 (1984), the holding would be applied prospectively. *Koback,* 123 Wis. 2d at 277. By so doing, we provided persons who might be subject to *Koback*'s extension of liability to social hosts the opportunity to obtain insurance. *Id.* Also, insurers would be afforded time to adjust policies and premiums to reflect the potential risks of this liability. These reasons, as well as the fairness factors stated in *Sorensen,* 119 Wis. 2d at 647–48, remain just as valid for a cause of action by the minor as for a cause of action by a third party.

There is no fundamental distinction in the liability of a social host for serving intoxicating liquors to a minor, whether the cause of action arises from the

minor causing injury to himself or herself or to a third party. Therefore, there is no reason to abrogate the prospective application of the *Koback* holding. This conclusion is similar to our conclusion in *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 489, 387 N.W.2d 751 (1986), where we declined to abrogate the prospective application of the *Sorensen* holding.

■That is not to say that a minor is precluded from a cause of action against a social host, only that the social host liability cannot attach until the September 1, 1985, date. Since the injury in the present case occurred prior to September 1, 1985, we conclude that the *Koback* holding applies. Therefore, the pre-*Koback* common-law nonliability rule for a social host is controlling in this case and other similar cases where the injury occurred prior to September 1, 1985.

The appellant also argues for an exception to the *Koback* holding similar to the one which this court created in *Harmann v. Hadley*, 128 Wis. 2d 371, 382 N.W.2d 673 (1986). However, the *Harmann* case was procedurally unique in that "the Harmanns were pursuing the same claims in the circuit court, the court of appeals, and this court during the same time period" as the Kobacks. *Id.* at 384. The present case was not running the same procedural route at the same time as *Koback* and, therefore, does not qualify for an exception.

In conclusion, we find that the holding in *Koback* applies to the case before us; therefore, as a matter of law, the appellant has no cause of action.

*By the Court.*—The judgment of the circuit court is affirmed.