Raymond J. KWIATKOWSKI, Diane Kwiatkowski and Raymond Kwiatkowski, Jr., Plaintiffs-Appellants,

v.

CAPITOL INDEMNITY CORPORATION, Terry Schmechel, d/b/a Red Lion Entertainment Center, Amy Pederson and XYZ Insurance Corporation, Defendants-Respondents,

AETNA LIFE & CASUALTY INSURANCE COMPANY, Defendant.

Court of Appeals

*No. 90-0878-FT. Submitted on briefs July 23, 1990.—Decided August 22, 1990.*

(Also reported in 461 N.W.2d 150.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Michael J. Gross* of *Bode, Gross & Carroll, S.C.,* of Waukesha.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John M. Swietlik* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee; *Phillip E. Crump* of *Borgelt, Powell, Peterson & Frauen, S.C.* of Milwaukee; *Craig L. Parshall* of *Jaeger, Parshall & Umpleby* of Menomonee Falls; and *Philip L. Atinsky* of *Atinsky, Kahn, Sicula & Teper* of Milwaukee.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J.   Raymond Kwiatkowski, Jr. (Raymond) and his parents appeal from a judgment dismissing their complaint for failure to state a claim for relief. The issue is whether the Kwiatkowskis' action is precluded in spite of sec. 125.035(4)(b), Stats., which under limited circumstances lifts the statute's general

grant of immunity to providers of alcohol beverages. We conclude that the immunity exception does not apply. We therefore affirm the judgment dismissing the complaint.

■ We take the relevant facts from the Kwiatkowskis' complaint, which must be accepted as true. *Sorensen v. Jarvis,* 119 Wis. 2d 627, 631, 350 N.W.2d 108, 111 (1984). The agents or employees of Terry Schmechel, owner of the Red Lion Entertainment Center in Okauchee, furnished alcohol beverages to Raymond, an "obviously intoxicated underaged drinker," knowing that Raymond would then operate a motor vehicle while intoxicated. Amy Pederson, Raymond's companion during the day and evening in question, also procured intoxicating beverages for Raymond at the Red Lion Entertainment Center, knowing that Raymond was underage and intoxicated.

Raymond then operated a motor vehicle, was involved in an accident and was injured. Pederson was also injured in the accident.[1] The Kwiatkowskis alleged that the actions of Schmechel and Pederson constitute

---

[1]The complaint does not allege that Amy Pederson was injured. Since sec. 125.035(4)(b), Stats., requires injury to a third party before immunity is lost, Schmechel and Pederson moved for dismissal of the Kwiatowskis' complaint on this ground and their briefs-in-chief in the trial court squarely rested their motion on this defect. However, in their brief opposing the dismissal request, the Kwiatowskis stated that at the hearing on the motion, all the parties conceded that Amy had been injured in the accident. We have not been provided a transcript of this hearing. However, Schmechel's and Pederson's reply briefs in the trial court take Amy's injury as a given. Although the trial court's written decision observes that no third party was injured, the court did not rest its decision on this statement. Rather, the court dismissed the complaint on the grounds that the statute recog-

negligence per se as violations of sec. 125.07, Stats., regulating the sale and provision of alcohol beverages to minors, because that is a safety statute. *See In re Estate of Drab,* 143 Wis. 2d 568, 570-71, 422 N.W.2d 144, 145 (1988).

Before we address the statute, we review the development of the common law leading to it. In *Farmers Mut. Auto. Ins. Co. v. Gast,* 17 Wis. 2d 344, 117 N.W.2d 347 (1962), the Wisconsin Supreme Court restated the long-standing common law rule that "a vendor of intoxicating liquor is not, at common law, answerable to a third person for injury or damage sustained by the latter as a result of the intoxication of the vendee." *Id.* at 352, 117 N.W.2d at 352. This rule was premised upon the theory that the provider's act was not a proximate cause of the injury. *Seibel v. Leach,* 233 Wis. 66, 68, 288 N.W. 774, 775 (1939). However, this "causation" theory was abandoned in *Garcia v. Hargrove,* 46 Wis. 2d 724, 176 N.W.2d 566 (1970), where the supreme court, although adhering to the nonliability doctrine, premised the rule on public policy grounds. *Id.* at 732-33, 176 N.W.2d at 570.

The supreme court overruled *Gast, Seibel,* and *Garcia. Sorensen,* 119 Wis. 2d at 640 n.10, 648, 350 N.W.2d at 115, 119. In *Sorensen,* the court significantly changed and limited the common law's immunity to vendors of intoxicating beverages holding that:

nizes only an action by an injured third party, not an action by the recipient of the alcohol beverages.

On appeal, the parties' briefs continue to take an injury to Amy as a given, and Schmechel and Pederson do not rest their defense of the trial court's decision on the grounds that Amy was not injured. We therefore decide this case on the premise that Amy was injured.

where there is sufficient proof at trial, a vendor who negligently supplies intoxicating beverages to a minor and the intoxicants so furnished cause the minor to be intoxicated or cause the minor's driving ability to be impaired shall be liable to third persons in the proportion that the negligence in selling the beverage was a substantial factor in causing the accident or injuries as determined under the rules of comparative negligence.

*Id.* at 646, 350 N.W.2d at 118. The supreme court made the *Sorensen* rule prospective, imposing liability for acts of negligence occurring on or after September 1, 1984. *Id.* at 648, 350 N.W.2d at 119.

In *Koback v. Crook,* 123 Wis. 2d 259, 366 N.W.2d 857 (1985), the supreme court extended the *Sorensen* rule to a social host who provides intoxicants to a minor. The court made the *Koback* rule prospective, imposing liability for acts of negligence occurring on or after September 1, 1985. *Id.* at 277, 366 N.W.2d at 865.

The legislature responded with sec. 125.035, Stats., the statute under consideration in this case. The statute became effective November 5, 1985. It provides in relevant part:

**125.035 Civil liability exemption: furnishing alcohol beverages.**

. . ..

**(2)** A person is immune from civil liability arising out of the act of procuring alcohol beverages for or selling, dispensing or giving away alcohol beverages to another person.

. . ..

**(4)(a)** In this subsection, "provider" means a person, including a licensee or permittee, who procures alcohol beverages for or sells, dispenses or gives away alcohol beverages to an underage person in violation of s. 125.07(1)(a).

(b)   Subsection (2) does not apply if the provider knew or should have known that the underage person was under the legal drinking age and *if the alcohol beverages provided to the underage person were a substantial factor in causing injury to a 3rd party.* [Emphasis added.]

After sec. 125.035, Stats., was enacted, the supreme court decided *Dziewa v. Vossler,* 149 Wis. 2d 74, 438 N.W.2d 565 (1989). As in this case, the plaintiff in *Dziewa* was a minor who had consumed alcohol beverages and thereby contributed to his own injuries. The defendant was a social host who had provided the alcohol beverages. The supreme court, in dicta, offered language supportive of the Kwiatkowskis' claim here:

There is no fundamental distinction in the liability of a social host for serving intoxicating liquors to a minor, whether the cause of action arises from the minor causing injury to himself or herself or to a third party.

*Id.* at 78-79, 438 N.W.2d at 567. Nonetheless, the court barred Dziewa's action because the accident occurred on August 3, 1985, prior to the effective date of the *Koback* ruling. *Id. Dziewa* did not discuss sec. 125.035, which was not yet effective on the date of the accident.

In this case, we must squarely address the statute. The issue is whether the injury to Pederson, a third party, strips Schmechel and Pederson of immunity under the statute. The trial court ruled that the immunity is lost only when the injured third party is the claimant—not when the consumer of the alcohol beverages is the claimant.

The issue is one of statutory construction. Interpretation of a statute presents a question of law which we

review *de novo. Sturgis v. Neenah Bd. of Canvassers,* 153 Wis. 2d 193, 198, 450 N.W.2d 481, 483 (Ct. App. 1989). We must give effect to the intent of the legislature and we ascertain that intent by first looking to the language of the statute itself. *Id.* Only if the language of the statute is ambiguous are we permitted to look beyond the statutory language and examine the scope, history, context, subject matter, and object of the statute to discern legislative intent. *Id.* Furthermore, we must interpret the statute so as to avoid absurd or unreasonable results. *Id.*

A statute, or a portion of a statute, is ambiguous if it is capable of being understood by a reasonably well-informed person in more than one way. *Id.* The question is whether the statute contemplates a cause of action to a minor consumer of alcohol beverages where a third party is injured or whether the cause of action is limited to only the injured third party. We conclude that reasonable persons could differ on this question based upon the wording of the statute. We do so because the statute does not expressly grant a cause of action to either category of claimants. Rather, the statute is immunity legislation, setting out when the immunity applies and when it does not. While the statute clearly explains who can be a defendant, it does not state who can be a plaintiff. The statute's silence on this question, we conclude, renders the statute ambiguous. We thus must search for and decide the intent of the legislature.

In this endeavor, the development of the law regarding alcohol provider immunity discussed earlier proves helpful. All legislation must be interpreted in the light of the common law and the scheme of jurisprudence existing at the time of its enactment. *In re D.M.M.,* 137 Wis. 2d 375, 389–90, 404 N.W.2d 530, 536 (1987). The

common law, having been classified and arranged into a logical system of doctrine, principles, rules, and practices, furnishes one of the most reliable backgrounds upon which analysis of the objects and purposes of a statute can be determined. *Id.* The legislature is presumed to know the common law before the statute was enacted. *Id.*

These principles indicate that the legislature was reacting to the new common law as announced by the supreme court in *Sorensen* and *Koback* when enacting sec. 125.035, Stats. Any doubt on this question is eliminated by the Legislative Reference Bureau's analysis of the statute which refers to the "2 recent cases" from the Wisconsin Supreme Court—an obvious reference to *Sorensen* and *Koback.*

As noted, both *Sorensen* and *Koback* were third party actions. In both cases, the supreme court significantly altered the previous common law rule of nonliability in third party actions. The legislature's response was to reinstate the nonliability rule, subject to the limited exception set forth in sub. (4)(b). From this, we conclude that the legislature intended the nonliability exception to apply only to third party actions.

In addition, we note that sec. 125.035, Stats., represents a modification to the common law as previously announced by the supreme court in *Sorensen* and *Koback.* Statutes in derogation of the common law are to be strictly construed. *State v. Gomaz,* 141 Wis. 2d 302, 320 n.11, 414 N.W.2d 626, 634 (1987). Statutes are not to be construed as changing the common law unless the purpose to effect such a change is clearly expressed therein and such purpose is demonstrated by language which is clear, unambiguous and peremptory. *Leahy v.*

*Kenosha Memorial Hosp.,* 118 Wis. 2d 441, 449, 348 N.W.2d 607, 612 (Ct. App. 1984).

The legislature in sec. 125.035(4)(b), Stats., has not sanctioned by clear, unambiguous and peremptory language a cause of action against a provider by a minor plaintiff whose injuries, at least in part, result from his own consumption of alcohol beverages. Absent such an unequivocal statement from the legislature or a further limitation of common law immunity by the supreme court, the present common law rule of nonliability still applies in such a case.

*By the Court.*—Judgment affirmed.