Jeffrey J. PASKIET, a minor, by his Guardian ad Litem, Laurence J. Fehring, Jon G. Paskiet and Barbara Paskiet, Plaintiffs-Appellants-Petitioners,

v.

QUALITY STATE OIL CO., INC. and Kathleen J. Schumacher, Defendants-Respondents,

WEST AMERICAN INSURANCE COMPANY and Bernard O. Gruenke, d/b/a Lakefront Luxury Apartments, Defendants-Third-Party Plaintiffs-Co-Appellants,

v.

SCOTTY SMITH CONSTRUCTION COMPANY, INC., ABC Insurance Company, Richard Linde and Glen Groth, d/b/a Linde-Groth Architecture Partnership and XYZ Insurance Company, Third Party Defendants.

Supreme Court

*No. 90-0250. Oral argument September 6, 1991.—Decided November 20, 1991.*

(Also reported in 476 N.W.2d 871.)

801

For the plaintiffs-appellants-petitioners there were briefs by *Virginia M. Antoine, Laurence J. Fehring* and *Habush, Habush & Davis, S.C.,* Milwaukee and oral argument by *Ms. Antoine.*

For the defendants-respondents there was a brief by *John F. Mayer, William R. Wick* and *Nash, Spindler, Dean & Grimstad,* Manitowoc and oral argument by *Mr. Wick.*

WILLIAM A. BABLITCH, J. A minor and his parents appeal a decision of the court of appeals which held that their complaint against a vendor of alcoholic beverages and its employee failed to state a claim of

negligence upon which relief could be granted. The question presented is whether a minor, who consumes alcoholic beverages sold by a liquor vendor to another minor, has a negligence action against the vendor for injuries he sustained as a result of his consumption. The court of appeals held that no claim was stated upon which relief could be granted because no Wisconsin case had yet allowed the imposition of liability upon a vendor under factual circumstances presented in this case. More specifically, no case has yet allowed liability where the vendor sold alcohol to a minor who in turn provided the alcohol to a second minor who became intoxicated and injured himself. We hold that, based on the pleadings, a cause of action for negligence against the vendor has been stated. Accordingly, we reverse the decision of the court of appeals and remand for further proceedings.

The Paskiets' amended complaint alleges that, on October 12, 1984, Kevin Daniels and Robert Lettre, both minors who were friends of plaintiff, Jeffrey Paskiet, went to the Quality State Quik-Mart store, which is owned by defendant, Quality State Oil Co., Inc., for the purpose of purchasing alcoholic beverages. Kathleen J. Schumacher, a clerk employed by Quality State Oil Co., Inc., sold two 12-packs of beer to them. Subsequently, the two minors provided the beer to plaintiff, Jeffrey Paskiet. Thereafter, Jeffrey drank the beer, became intoxicated, and allegedly as a result of his intoxication, fell down a hill and over a retaining wall, thereby sustaining serious injuries.

Jeffrey Paskiet and his parents filed an amended complaint alleging two theories of liability against Quality State Oil Co. and Kathleen Schumacher: (1) common law negligence, and (2) negligent violation of sec. 125.07, Stats. 1983–84. The essence of the plaintiffs' claims is provided in the amended complaint:

803

13. Upon information and belief, defendant, Kathleen J. Schumacher, knew or should have known that Kevin Daniels and Robert Lettre had not attained the legal drinking age, knew or should have known that Kevin Daniels and Robert Lettre would provide the beer to their minor friends, and knew or should have known that the minors would consume the beer and become intoxicated.

14. Upon information and belief, defendant, Kathleen J. Schumacher, was negligent in failing to inquire as to whether Kevin Daniels or Robert Lettre had attained the legal drinking age, in failing to ascertain that they had not attained the legal drinking age, in selling intoxicating beverages to persons who had not attained the legal drinking age, and was otherwise negligent.

. . ..

23. Pursuant to Sec. 125.07 of the 1983–84 Wisconsin Statutes, defendant Kathleen J. Schumacher had an obligation not to sell fermented malt beverages to a person who had not attained the legal drinking age.

24. Defendant Kathleen J. Schumacher negligently violated Sec. 125.07 by selling fermented malt beverages to Kevin Daniels, a minor, and Robert Lettre, a minor, when she knew or should have known that said minors had not attained the legal drinking age.

The complaint also alleged that such negligence was a "direct and proximate cause of the injuries and damages sustained by the plaintiffs." The defendants filed a motion to dismiss the Paskiets' complaint on the ground that it failed to state a claim upon which relief could be granted. The circuit court granted the defendants' motion to dismiss. The court of appeals affirmed the circuit court order. *Paskiet v. Quality State Oil Co.,* 158

Wis. 2d 219 (Ct. App. 1990). We granted the Paskiets' petition for review.

The question presented on this appeal is whether the facts alleged, if true, state a claim of negligence upon which relief can be granted. In determining whether a claim for relief has been stated the facts as alleged in the complaint must be accepted as true. *Quesenberry v. Milwaukee County,* 106 Wis. 2d 685, 690, 317 N.W.2d 468, 471 (1982). Whether a claim for relief exists is a question of law which this court reviews independently, without deference to the circuit court. *Dziewa v. Vossler,* 149 Wis. 2d 74, 77 438 N.W.2d 565, 566 (1989) (citing *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984)). Moreover, the "complaint must be liberally construed to do substantial justice and, if reasonably possible, construed to state a cause of action." *Sorenson v. Jarvis,* 119 Wis. 2d 627, 631, 350 N.W.2d 108, 111 (1984). "We will affirm an order dismissing a complaint for failure to state a claim only if, upon review of the allegations contained therein, it appears to a certainty that no relief can be granted under any set of facts which plaintiffs could prove in support of them." *Quesenberry,* 106 Wis. 2d at 690.

This court has not been called upon to determine the possible liability of a vendor of alcoholic beverages under the factual circumstances that this case presents. However, in *Sorenson v. Jarvis,* 119 Wis. 2d 627, this court abrogated the common law immunity afforded commercial vendors who sell intoxicating beverages and held that a vendor may be liable to a third party for negligently furnishing alcohol to a minor when the alcohol so supplied is a substantial factor in causing injuries to a third party. In *Koback v. Crook,* 123 Wis. 2d 259,

805

264, 366 N.W.2d 857, 859 (1985), we explained our holding in *Sorenson* as follows:

> [this] court held, consistent with previous declarations of this court in tort cases, that the imposition of liability on a vendor whose conduct was a substantial factor in causing the injury was a matter of public policy in the sense that, where there was a proved chain of causation between conduct and result, it was for the court to determine whether or not there should be liability, and that a reasonable view of appropriate public policy compelled this court to abolish the negligent liquor vendors' specious common-law shield from civil liability.

We overruled prior cases that expressed this court's former enunciation of public policy that shielded the vendor from liability, *Garcia v. Hargrove* (Garcia I), 46 Wis. 2d 724, 176 N.W.2d 566 (1970); *Garcia v. Hargrove* (Garcia II), 52 Wis. 2d 289, 190 N.W.2d 181 (1971); *Olsen v. Copeland,* 90 Wis. 2d 483, 280 N.W.2d 178 (1979), and adopted the rationale of the dissenting opinion in *Garcia I,* and the dissenting opinion of Justice Abrahamson and Justice Heffernan in *Olsen v. Copeland,* and the separate dissent of Justice Day.

In adopting the rationale of the dissents, we held that traditional principles of tort liability, which apply to tort-feasors in general, apply to liquor vendors. We summarized this determination in *Koback,* 123 Wis. 2d at 273:

> Thus, in *Sorenson,* by our express acceptance of the dissenting rationale in *Garcia I* and in *Olsen,* we concluded that the negligent conduct of a supplier of liquor was to be treated in the common law of torts in the same manner as the negligent conduct of any other person. If conduct is of a nature that will foreseeably cause harm to anyone, it is negligent. If

806

the conduct is the violation of a safety statute whose purpose is to avoid or diminish the likelihood of the harm that resulted, the conduct is considered to be negligence per se. If that negligence is a substantial factor—a cause in fact—in respect to an injury, liability will follow unless in the particular case, as a matter of policy to be determined by the court, the results are so unusual, remote, or unexpected that, in justice, liability ought not be imposed.

Hence, the negligent supplier of an intoxicant to a minor, under the rules of Wisconsin tort law, may be liable in the same manner and to the same extent as any person who engages in negligent conduct.

Turning to the case at issue here, this court need not restate the rationale for holding that the common law rule of nonliability does not apply to the vendor in this situation. The rationale has been adequately set forth in *Sorenson* and the dissenting opinions in *Garcia I* and *Olsen v. Copeland*. Defendants argue that this court's decision in *Sorenson* was not a complete abrogation of the common law rule shielding vendors from liability. Rather, in *Sorenson* this court created a narrow exception to the common law rule of nonliability in cases where the intoxicated minor injured a third person. Put another way, defendants assert that because *Sorenson* did not deal with facts as exist here, but rather dealt with a vendor who negligently sold alcohol to a minor, who then injured someone else, the decision is somehow inapplicable here. We disagree. *Sorenson* is applicable.

In *Sorenson* this court made the determination that the traditional principles of tort law that apply to tortfeasors in general, apply to liquor vendors as well. In quoting the dissent in *Garcia I*, the *Sorenson* court recognized that the issue focused on whether common law

immunity should continue to protect vendors, or whether they should be subject to "liability for negligence to which persons in general are subject . . .." *Sorenson,* 119 Wis. 2d at 642. The act complained of in *Sorenson,* the sale of alcoholic beverages to a minor, is the same act of negligence allegedly committed in this case. Because the statement of the facts in both cases allege the same negligent acts the complaints in both *Sorenson* and this case state a cause of action. The plaintiff's complaint in this case should not be judged differently merely because the alleged negligent sale of the alcoholic beverages resulted in injury to a different person. As we held in *A.E. Investment Corp. v. Link Builders, Inc.,* 62 Wis. 2d 479, 484, 214 Wis. 2d 764, 766 (1974):

> A party is negligent when he commits an act when some harm to someone is foreseeable. Once negligence is established, the defendant is liable for unforeseeable consequences as well as foreseeable ones. In addition, he is liable to unforeseeable plaintiffs.

Therefore, consistent with our holding in *Sorenson,* general principles of tort liability which apply to tort-feasors in general apply to the vendor in this case. Accordingly, we hold that under facts as set forth in the pleadings, a cause of action for common law negligence against the vendor has been stated.[1]

---

[1]Plaintiffs' rely on *Dziewa v. Vossler,* 149 Wis. 2d 74 (1989), as support for their argument that they have stated an actionable claim for negligence. *Dziewa* was decided subsequent to *Sorenson* and to the date that Jeffrey Paskiet sustained his alleged injuries. We therefore do not address it.

In addition, if the facts alleged in the pleadings are proven, the vendor in this case violated a specific statutory prohibition, (*see* sec. 125.07(1)(a)1, Stats. 1983–84, found below[2]), against selling alcoholic beverages to a minor. As in *Sorenson,* such a violation constitutes negligence *per se.* However, consistent with what we said in *Sorenson,* "the vendor has all the defenses that would be available under the criminal statutes."[3] Additionally, the jury must be instructed that in order to find the vendor liable, it must find that the sale of the alcoholic beverage was a substantial factor in causing the injuries sustained by Jeffrey Paskiet. As we indicated in *Sorenson,* the vendor shall be liable "in the proportion that the negligence in selling the beverage was a substantial factor in causing the accident or injuries as determined under the

---

[2] Section 125.07(1)(a)1, Stats. 1983–84, which was in effect at the time Jeffrey Paskiet was injured, provided:

1. No person may procure for, sell, dispense or give away any fermented malt beverages to any underage person not accompanied by his or her parent, guardian or spouse who has attained the legal drinking age, or procure for, sell, dispense or give away any intoxicating liquor to any underage person.

[3] Section 125.07(6), Stats. 1983–84:

(6) DEFENSE OF SELLERS. Proof of the following facts by a seller of alcoholic beverages to an underage person is a defense to any prosecution for a violation under this section:

(a) That the purchaser falsely represented in writing and supported with other documentary proof that he or she had attained the legal drinking age.

(b) That the appearance of the purchaser was such that an ordinary and prudent person would believe the purchaser had attained the legal drinking age.

(c) That the sale was made in good faith and in reliance on the written representation and appearance of the purchaser in the belief that the purchaser had attained the legal drinking age.

rules of comparative negligence." *Sorenson,* 119 Wis. 2d 646 (footnote omitted).

Having determined that general tort principles apply, this court realizes that, as in other tort actions, where there is a completed chain of causation between negligence and damages, we may nevertheless deny recovery against a vendor as a matter of public policy. In *Coffey v. Milwaukee,* 74 Wis. 2d 526, 541, 247 N.W.2d 132, 140 (1976) (citations omitted), we held that recovery may sometimes be denied on grounds of public policy because:

> (1) The injury is too remote from the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tort-feasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

However, we see no fundamental distinctions between the circumstances as pled in this case, and those of *Sorenson,* such that would compel this court to deny liability here on public policy grounds at this time. We have only the complaint before us. After the facts and evidence are fully disclosed at trial, the trial court is free to consider the public policy factors found in *Coffey.*

The defendants argue that the public policy expressed in sec. 125.035, Stats., which is set forth in relevant part below,[4] should be applied to this case and

---

[4]Section 125.035, Stats., provides, in relevant part:

that such an application would result in immunity for the vendor from any liability to the Paskiets. We disagree. Section 125.035 was not in effect on the date that Jeffrey Paskiet was injured. It therefore has no bearing on this case.

Likewise, the defendant's reliance on *Kwiatkowski v. Capitol Indemnity Corp.,* 157 Wis. 2d 768, 461 N.W.2d 150 (Ct. App. 1990), as support for cutting off liability in this case based on public policy, is also misplaced. The court of appeals' decision, which denied recovery against the provider of alcohol to a minor who sustained injuries as a result of intoxication, was based specifically upon the application of sec. 125.035, Stats., and is therefore inapplicable, since, as stated above, sec. 125.035 does not apply.

For the reasons set forth in this opinion, we conclude that the complaint states a claim upon which relief can be granted. We hold that, under facts which may be proved under the pleadings, a cause of action against the vendor for both common law negligence and negligence *per se* has been stated.[5] The order dismissing the com-

---

(2) A person is immune from civil liability arising out of the act of procuring alcohol beverages for or selling, dispensing or giving away alcohol beverages to another person.

. . ..

(4)(a) In this subsection, 'provider' means a person, including a licensee or permittee, who procures alcohol beverages for or sells, dispenses or gives away alcohol beverages to an underage person in violation of s. 125.07(1)(a).

(b) Subsection (2) does not apply if the provider knew or should have known that the underage person was under the legal drinking age and if the alcohol beverages provided to the underage person were a substantial factor in causing injury to a 3rd party.

[5]Defendants argue that a decision in this case in favor of the Paskiets should be applied purely prospectively and not apply to them. However, prospective application is not appropriate in this

plaint of the plaintiff is reversed, and the cause remanded to the Circuit Court for Sheboygan County for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.

Justice William G. Callow did not participate.

## END OF VOLUME

case. Wisconsin tort law has not been changed by our ruling in this case. The law and principles that were dispositive of this case were well established in *Sorenson.*