Latisha N. GREENE, a minor, by her guardian ad litem, Adrian P. Schoone, Richard E. Greene and Lisa M. Greene, Plaintiffs-Appellants,†

Misty THOMAS, by John A. Becker, her guardian ad litem, and Debra Green, Plaintiffs,

v.

William L. FARNSWORTH, and Wayne A. Farnsworth, Defendants-Respondents,

ABC INSURANCE COMPANY and XYZ Insurance Company, Defendants,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a domestic insurance corporation, and Michael J. Riekkoff, Defendants-Third Party Plaintiffs,

v.

Samantha CARTWRIGHT, a minor, by her guardian ad litem, M. Angela Dentice, Third Party Defendants.

Court of Appeals

*No. 93–2411. Submitted on briefs June 24, 1994.—Decided October 19, 1994.*

(Also reported in 525 N.W.2d 107.)

†Petition to review filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Adrian P. Schoone* of *Schoone, Fortune & Leuck, S.C.* of Racine and *Cristie Coates Leto,* of counsel, of *Coates, Dye, Foley & Shannon, S.C.* of Racine.

On behalf of the defendants-respondents, the cause was submitted on the joint briefs of *Jeffrey Leavell* and *Kevin Harrington* of *Capwell & Berthelsen* of Racine (on behalf of defendant-respondent William L. Farnsworth); and *Michael A. Mesirow* and *Kevin A.*

*Christensen* of *Kasdorf, Lewis & Swietlik, S.C.* of Milwaukee (on behalf of defendant-respondent Wayne A. Farnsworth).

On behalf of the Wisconsin Academy of Trial Lawyers, there was an amicus curiae brief by *Mark L. Thomsen* of *Cannon & Dunphy, S.C.* of Milwaukee.

On behalf of the Civil Trial Counsel of Wisconsin, there was an amicus curiae brief by *Jeffrey S. Fertl* and *Susan R. Tyndall* of *Hinshaw & Culbertson* of Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J.   Latisha N. Greene, by her guardian ad litem, and her parents, Richard E. and Lisa M. Greene, appeal from an order dismissing Latisha's personal injury complaint against William L. Farnsworth and Wayne A. Farnsworth for failure to state a claim for relief. The dispositive issue presented is whether the immunity granted to providers of alcoholic beverages in § 125.035(2), STATS., precludes liability in an action in civil conspiracy and aiding and abetting the operation of a vehicle while intoxicated. We conclude that it does and affirm the order dismissing the complaint.

On September 27, 1992, Latisha suffered severe, permanent injuries when a vehicle driven by Michael J. Riekkoff struck her while she was playing in front of her home. Prior to the accident, Riekkoff and the Farnsworths were drinking alcoholic beverages in various taverns for approximately nine hours. At the time of the accident, Riekkoff was operating his vehicle while under the influence of an intoxicant. Greene filed suit against Riekkoff, the Farnsworths and their respective insurers.

368

Greene's complaint against the Farnsworths alleged that they encouraged, advised and assisted Riekkoff to consume alcoholic beverages over the nine-hour period and had a common design to do so without regard to the consequences. Further, the complaint alleged that the Farnsworths knew or had reason to know that Riekkoff would operate a motor vehicle with a prohibited blood-alcohol concentration, creating a high risk of great bodily harm to others. Based on these alleged facts, Greene contended that the Farnsworths (1) engaged in a civil conspiracy with Riekkoff to consume alcoholic beverages and operate a motor vehicle while intoxicated and (2) aided and abetted Riekkoff in the commission of a tort.

The Farnsworths moved to dismiss the complaint on the grounds that the complaint failed to state a claim for relief based upon § 125.035(2), STATS., which grants immunity from civil liability arising out of the procurement of alcoholic beverages to others. The trial court granted the Farnsworths' motions to dismiss in an order dated August 30, 1993, from which Greene appeals.

■■■■■

When an appellate court reviews a dismissal for failure to state a claim for relief, it must accept as true the facts pled and all reasonable inferences to be drawn from those facts. *Hillcrest Golf & Country Club v. City of Altoona*, 135 Wis. 2d 431, 434, 400 N.W.2d 493, 495 (Ct. App. 1986). Further, we construe the complaint liberally in favor of stating a claim, with a view toward substantial justice to the parties. *Id.*; § 802.02(6), STATS. "The complaint should be dismissed as legally insufficient only if it is quite clear that under no circumstances can plaintiffs recover." *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 317, 401 N.W.2d

816, 821 (1987). With these principles in mind, we conclude that Greene's complaint against the Farnsworths fails to state a claim for relief, and we therefore affirm the trial court's order dismissing the complaint.

The issue in this case is whether § 125.035(2), STATS., immunizes the Farnsworths from civil liability based upon Greene's claims of civil conspiracy and aiding and abetting a tort. Statutory interpretation presents a question of law which we review de novo. *Kwiatkowski v. Capitol Indem. Corp.*, 157 Wis. 2d 768, 774-75, 461 N.W.2d 150, 153 (Ct. App. 1990). When interpreting a statute, we must give effect to the intent of the legislature, ascertaining that intent by first looking to the statute. *Id.* at 775, 461 N.W.2d at 153. We are permitted to look beyond the statutory language itself in search of legislative intent only if the language of the statute is ambiguous. *Id.*

Section 125.035(2), STATS., clearly and unambiguously immunizes persons from civil liability in circumstances such as this where one adult furnishes another with alcohol. Section 125.035(2) provides:

> A person is immune from civil liability arising out of the act of procuring alcohol beverages for or selling, dispensing or giving away alcohol beverages to another person.

Greene's allegations that the Farnsworths bought alcoholic beverages for Riekkoff and encouraged, advised and assisted him to consume alcohol fall directly under the immunity expressly granted by the legislature under the statute.

Greene concedes that § 125.035(2), STATS., would bar her claims "[i]f buying drinks were all plaintiffs had to allege." However, Greene points out that the

complaint also alleges that the Farnsworths conspired to render assistance and encouragement to Riekkoff in the commission of the unlawful act of operating a vehicle while intoxicated. Greene asserts that the statute does not grant immunity for this alleged conspiracy.

In support of her position, Greene cites to Wisconsin law holding that the existence of an underlying cause of action is not required to sustain an action for conspiracy. *See, e.g., Maleki v. Fine-Lando Clinic Chartered, S.C.*, 162 Wis. 2d 73, 93-94, 469 N.W.2d 629, 637 (1991) (recognizing that a claim of conspiracy to stop patient referrals to a doctor is not invalid merely because no underlying cause of action in tort or contract existed).[1] Greene argues that although the law affords no cause of action for the underlying behavior of procuring alcoholic beverages, "it does *not* follow that the law affords no cause of action for a conspiracy that includes such behavior in furtherance of the conspirators' plan." Greene contends that the same reasoning supports her claim for aiding and abetting a tort.[2] We disagree.

---

[1] *See also Randall v. Lonstorf*, 126 Wis. 147, 105 N.W. 663 (1905) (holding that plaintiff could sustain a cause of action for conspiracy to alienate the affections of her husband despite the fact that the claim for alienation of affections was previously abolished); *Radue v. Dill*, 74 Wis. 2d 239, 246 N.W.2d 507 (1976) (holding that a claim for conspiracy to give false testimony in a police investigation was proper despite the fact that testimony given in a judicial procedure is immune from civil liability).

[2] Greene explains her rationale as follows:

Just like conspiracy, the aiding and abetting claim is not grounded on the wrongfulness of underlying behavior, but depends on concerted and joint action in furtherance of an unlawful end. Just like conspiracy, the aiding and abetting claim does not require underlying conduct which is, in itself, actionable.

371

■

While we agree in general with Greene's statement of the law in Wisconsin that a conspiracy claim is not dependent on underlying actionable conduct, Greene's argument ignores the effect and clear legislative intent of § 125.035(2), STATS. All of Greene's allegations, including her conspiracy theory, arise out of the Farnsworths' act of providing Riekkoff with alcoholic beverages. Section 125.035(2) specifically grants immunity "from civil liability *arising out of* the act of procuring alcohol . . . or giving away alcohol beverages . . .." (Emphasis added.) Whether the conduct alleged is an underlying tort, a conspiracy to commit it, or aiding and abetting it, the statute immunizes acts growing out of the procurement of alcoholic beverages. Therefore, Greene's efforts to distinguish between the underlying behavior and the conspiracy and aiding and abetting causes of action fail in this case.

■

Further, construing § 125.035(2), STATS., to allow a cause of action for conspiracy in a situation where a person drives drunk and injures someone would create an exception so great that it would swallow the nonliability rule and lead to unreasonable results. Taverns, businesses, social hosts and drinking companions would be exposed to lawsuits for serving alcohol based on the theory that they were part of a conspiracy to encourage intoxication and drunk driving. When interpreting a statute, we must avoid such absurd or unreasonable results. *Kwiatkowski*, 157 Wis. 2d at 775, 461 N.W.2d at 153.

In abolishing liability for those who supply alcohol to adults, the legislature clearly intended to completely immunize such persons from all civil liability, regardless of the number of people involved or the particular

label used by artfully drafted pleadings. Greene's argument to the contrary is more properly addressed to the legislature.

*By the Court.*—Order affirmed.