STATE of Wisconsin EX REL. Cindy SCHULTZ and the Wisconsin Society for the Prevention of Cruelty to Animals, Petitioners-Appellants,

v.

Victoria WELLENS, Executive Director of the Wisconsin Humane Society, and the Wisconsin Humane Society, Respondents-Respondents. †

Court of Appeals

*No. 96–0415. Submitted on briefs December 3, 1996.—Decided February 11, 1997.*

(Also reported in 561 N.W.2d 775.)

†Petition to review denied.

For the petitioners-appellants the cause was submitted on the briefs of *Weaver Law Office*, with *Kathryn Weaver* of Milwaukee.

For the respondents-respondents the cause was submitted on the briefs of *von Briesen, Purtell & Roper, S.C.*, with *James C. Reiher* and *Timothy W. Feeley* of Milwaukee.

Before Wedemeyer, P.J., Schudson and Curley, JJ.

SCHUDSON, J.   Cindy Schultz and the Wisconsin Society for the Prevention of Cruelty to Animals (WSPCA) appeal from the trial court judgment quashing their petition for an alternative writ of *mandamus* that had sought to compel the Wisconsin Humane Society and its executive director, Victoria Wellens, to disclose public records of dog impoundment and disposition. Because we conclude that "public record[s]" of dog impoundment and disposition under § 174.046(4), STATS., must be made available for disclosure to the public, we reverse.

On May 8, 1995, the WSPCA submitted an open records request under § 19.35, STATS., of the Wisconsin

open records law to the Wisconsin Humane Society for all dog impoundment records maintained by the Humane Society since May 1, 1992. The Humane Society denied the request on the grounds that it was not an "authority" required to disclose records under § 19.32(1), STATS. As a result, on June 19, 1995, the WSPCA commenced a *mandamus* action asserting that "[t]he documents . . . are all public records as provided for in Section 174.046(4), STATS., and are, therefore, subject to public access pursuant to Sections 19.32 through 19.37, Stats." The trial court concluded that "[a]lthough the petitioners have a right to seek dog pound records that are designated 'public' under sec. 174.046(4), STATS., they must also do this within the disclosure requirements of the Open Records law" that, the trial court determined, did not authorize disclosure of the requested records.

■

"A motion to quash a writ of mandamus is treated as a motion to dismiss a complaint." *Mazurek v. Miller*, 100 Wis. 2d 426, 430, 303 N.W.2d 122, 125 (Ct. App.), *cert. denied*, 454 U.S. 896 (1981). Therefore, the "facts pleaded and all reasonable inferences from the pleadings must be taken as true, but legal conclusions and unreasonable inferences need not be accepted." *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979). In the instant action, the motion to quash was resolved entirely on the basis of statutory interpretation. We review a trial court's statutory interpretation *de novo. Kwiatkowski v. Capitol Indem. Corp.*, 157 Wis. 2d 768, 774-775, 461 N.W.2d 150, 153 (Ct. App. 1990).[1]

---

[1] The respondents do not argue that the WSPCA failed to satisfy the criteria for *mandamus* except, of course, they implicitly contend that the WSPCA has no clear legal right to the

As applicable to this case, § 174.046, STATS., provides that "[a] county board may designate a humane society or other organization to provide a pound for strays or unwanted dogs in the county." It is undisputed that the Wisconsin Humane Society is such a society. Section 174.046(4) provides:

> RECORDS. The officer or pound who is notified or to whom a dog is delivered shall keep a record of each dog, giving a description of the dog, the dates of its impoundment, if any, and the disposition of the dog. If the dog is kept by or released to a person the record shall include the name, address and date of delivery of the dog. *This record is a public record.*

(Emphasis added.)

██

The trial court concluded that because the Wisconsin open records law governs disclosure of public records, and because the Humane Society was not an "authority" required to disclose records under the open records law, disclosure was not required. On appeal, the WSPCA does not challenge the trial court's conclusion that the Humane Society is not an "authority" required to disclose under the open records law. The WSPCA argues, however, that the open records law must not be read to preclude disclosure of records the legislature had previously designated as "public record[s]" under § 174.046(4), STATS.[2] We agree.

records and the Humane Society has no positive and plain duty to disclose them. *Cf. Keane v. St. Francis Hosp.*, 186 Wis. 2d 637, 646-647, 522 N.W.2d 517, 520-521 (Ct. App. 1994).

[2] The Humane Society argues that the WSPCA waived this issue because, in the trial court, it sought disclosure under the open records law and argued that the Humane Society was an "authority" required to disclose. We disagree.

We must interpret clear and unambiguous statutes to effectuate the "express intention of the legislature by giving the language its ordinary meaning," *DNR v. Wisconsin Power & Light Co.*, 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982), and we must construe statutes to avoid absurd results, *Kwiatkowski*, 157 Wis. 2d at 775, 461 N.W.2d at 152. The Humane Society's statutory interpretation would close public access to "public record[s]" that presumably had been available to the public before enactment of the open records law. Such an interpretation, if not absurd, is inconsistent with law for two reasons.

First, nothing in the open records law or its history suggests any legislative intent to abrogate existing law providing public access to public records. The legislature is presumed to know the relationship between new and existing statutes. *Wood v. American Family Mut. Ins. Co.*, 148 Wis. 2d 639, 646, 436 N.W.2d 594, 597 (1989), *overruled in part on other grounds, Matthiesen v. Continental Cas. Co.*, 193 Wis. 2d 192, 202, 532 N.W.2d 729, 733 (1995). The Wisconsin open records law, enacted in 1981, does not mention the dog impoundment records law, enacted in 1979. Such statutory silence indicates that the legislature did not

Generally, we decline to consider arguments raised for the first time on appeal. *Wirth v. Ehly*, 93 Wis. 2d 433, 443-444, 287 N.W.2d 140, 145-146 (1983). Here, however, although the WSP CA invoked the authority of the open records law and did contest the issue of whether the Humane Society was an "authority," it also consistently based its arguments on § 174.046(4), STATS. Further, the trial court decision directly addressed the interaction of § 174.046(4) and the open records law. The fact that the WSPCA, on appeal, has abandoned one of its trial court theories does not mean it has waived review of a closely-connected theory thoroughly litigated in the trial court.

intend to repeal or reduce the operation of an existing statute. *See Maxey v. Redevelopment Auth.*, 120 Wis. 2d 13, 24-25, 353 N.W.2d 812, 818 (Ct.App. 1984).

Second, while not explicitly referring to the dog impoundment records law, the open records law implicitly supports its continuing viability. Section 19.35(1), STATS., specifically provides that "[s]ubstantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect." In Wisconsin, under common law, the public has enjoyed the "right to inspect and copy public records." *See* Linda de la Mora, Comment, *The Wisconsin Public Records Law*, 67 MARQ. L. REV. 65, 66 (1983).[3] Indeed, as our supreme court has emphasized, "[t]here is a presumption that the public has the right to inspect public records unless an exception is found." *State ex rel. Richards v. Foust*, 165 Wis. 2d 429, 433, 477 N.W.2d 608, 609 (1991). Further, the legislature's declaration of policy in § 19.31, STATS., mandates that the open records law "shall be construed *in every instance* with a presumption of complete public access, consistent with the conduct of governmental business." (Emphasis added.) In *this instance*, it would be ironic to construe the open records law to preclude public access to statutorily designated "public record[s]" of a society designated by a county board to impound and dispose of dogs. *See* § 174.046, STATS.

Accordingly, we reverse the judgment and remand this case to the trial court for entry of an order granting the WSPCA petition to compel disclosure of the

---

[3] We note that this law review comment, as cited by the dissent, provides no support for the dissent's assertion; it does not even mention nonprofit corporations.

requested records maintained under § 174.046(4), STATS., by the Wisconsin Humane Society.[4]

*By the Court.*—Judgment reversed and cause remanded with directions.

WEDEMEYER, P.J. (*dissenting*). I write separately because I cannot agree with the majority's conclusion in this case. The trial court correctly concluded that the Wisconsin open records law governs disclosure of public records and that because the Humane Society is not an "authority" required to disclose records under the open records law, disclosure was not mandated in this case. The majority acknowledges that Schultz does not challenge this conclusion on appeal. Schultz argues only that because § 174.046(4), STATS., (the dog impoundment records law) denominates the subject records as "public" that she is entitled to review them. I disagree.

As noted by the majority, § 174.046(4), STATS., was enacted two years before the open records law. The majority goes on to conclude that because the open records law does not mention the dog impoundment records law, it is presumed that the legislature did not intend to repeal or reduce the operation of this statute. I agree with this conclusion. I disagree, however, with the majority's conclusion that the records at issue here were subject to disclosure under the common law.

---

[4] Although we conclude that public access is required under § 174.046(4), STATS., we read nothing either in that statute or in the open records law that would foreclose utilization of the open records law procedures for the production of the requested documents. In fact, we note that in the trial court the WSPCA conceded that it would "have to follow the procedures in Wisconsin's open records law."

Prior to the enactment of the current open records law, the only records accessible to the public under common law were records from officers of governmental agencies. Nonprofit corporations were not required to disclosed records under the common law. *See generally*, Linda De La Mora, Comment, *The Wisconsin Public Records Law*, 67 MARQ. L. REV. 65, 73 (1983) (discussing the types of records subject to disclosure under the common law). Hence, the Humane Society, which is a nonprofit corporation, would not have to disclose any of its records under the common law.

After the enactment of the open records law, more entities were required to disclose public records. At the current time, however, because the Humane Society is not an "authority," it is not required to do so. If, therefore, the Humane Society was not required to disclose its records under common law, and it is not required to disclose its records under current statutory law, I cannot conclude that simply because the dog impoundment statute labels the subject records "public" that they must be disclosed. Accordingly, I respectfully dissent.