PEOPLE, *ex rel.* MILLER, *v.* RHODES.

1. NUISANCES—PADLOCK CASE—SUFFICIENCY OF EVIDENCE.

In suit by people to abate nuisance under so-called padlock act (Act No. 389, Pub. Acts 1925), evidence that liquors were possessed and sold on premises by tenants, and that landlord by its officer had knowledge thereof and countenanced same was sufficient to sustain finding of nuisance and to justify decree abating nuisance and padlocking premises.

2. SAME—COSTS—DECREE ORDERING SALE OF ALL CONTENTS MODIFIED.

Decree in padlock case ordering sale of all furniture, fixtures, and contents of building is modified, on appeal, and sale of sufficient thereof to pay costs instead decreed.

Appeal from Ionia; Hawley (Royal A.), J. Submitted October 18, 1929. (Docket No. 154, Calendar No. 34,589.) Decided January 24, 1930.

Bill by the people of the State of Michigan, on the relation of Frank C. Miller, prosecuting attorney for Ionia county, against Harry Rhodes and others to abate a nuisance under Act No. 389, Pub. Acts 1925. From a decree for plaintiff, defendants appeal. Modified and affirmed.

*Shelby B. Schurtz,* for appellants.

*Wilber M. Brucker,* Attorney General, and *Frank C. Miller,* Prosecuting Attorney, for the people.

CLARK, J. This is a so-called padlock case. The bill was filed pursuant to provisions of Act No. 389, Pub. Acts 1925, of which see *People* v. *Holschuh,* 235 Mich. 272.

Defendants Harry Rhodes and Cynthia Rhodes were tenants of the place, the defendant corporation was lessor, and defendant Randall secretary and treasurer of the corporation. Plaintiff had decree. Defendants have appealed. The meritorious question is that the bill ought to have been dismissed both as to the tenants and the landlord.

The finding by the court of nuisance under the act must be sustained. There is plenty of evidence that the place was one kept for the selling and furnishing of intoxicating liquors, and that such liquors were possessed and sold.

The evidence also requires the inference that the corporation by its said officer knew of the character of the business there being conducted by its tenants and countenanced the same.

The decree in abating the nuisance and padlocking the place for four months is affirmed.

The part of the decree ordering sale of all furniture, fixtures, and contents of the building must be modified (*People* v. *Holschuh, supra*), and sale of sufficient thereof to pay costs instead decreed. So modified, the decree is affirmed.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., took no part in this decision.