Mark ANDERSON and Janet Anderson, his wife,
Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Mary
Anne Brasure and Gregory L. Brasure,
Defendants-Respondents.†

Court of Appeals

*No. 02–0980. Submitted on briefs October 29, 2002.—Decided
November 26, 2002.*

2002 WI App 315

(Also reported in 655 N.W.2d 531.)

† Petition to review granted 4-22-03.

414

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Frank W. Kowalkowski* and *Wanezek, Umentum & Jaekels, S.C.* of Green Bay.

On behalf of the defendant-respondent American Family Mututal Insurance Company, the cause was submitted on the brief of *Jeffrey T. DeMeuse* and *Everson, Whitney, Everson & Brehm, S.C.* of Green Bay.

On behalf of the defendant-respondent Mary Anne Brasure, the cause was submitted on the brief of *Mark A. Pennow* and *Denissen, Kranzush, Mahoney & Ewald, S.C.* of Green Bay.

On behalf of the defendant-respondent Gregory L. Brasure, the cause was submitted on the brief of *Sandra L. Hupfer* and *Stellpflug, Janssen, Hammer, Kirschling & Bartels, S.C.* of De Pere.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Mark and Janet Anderson appeal a summary judgment finding that Mary Anne Brasure and her son Gregory Brasure are immune from civil liability under Wis. Stat. § 125.035[1] for providing the Andersons' underage son, Craig, with alcohol. The Andersons also appeal the portion of the judgment that found Gregory was not covered by his father's insurance policy issued by American Family Mutual Insur-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

416

ance Company. While we agree with the trial court that Gregory was immune from suit and not covered by the insurance policy, Mary Anne is not immune from suit. Thus, we affirm the judgment in part, reverse it in part, and remand for further proceedings.

## Background

¶ 2. On or about March 19, 1999, Mary Anne purchased a bottle of vodka for Gregory, who was not yet twenty-one years old. She left it for him along with a note that said, "Greg, you owe me $12.00." Gregory, Craig, and Robert Tripp went to vacation property owned by Mary Anne and her husband, Garth. Gregory, Craig, and Robert drank Gregory's vodka. Tragically, Craig died either late that day or early the next day while at the vacation property with Gregory. The coroner attributed his death to acute alcohol intoxication. Additional facts will be added to the discussion where relevant.[2]

¶ 3. The Andersons brought a claim for Craig's wrongful death against Mary Anne, Gregory, and the Brasures' insurer, American Family. Mary Anne and Gregory moved for summary judgment on the basis of WIS. STAT. § 125.035(2), which provides immunity from civil liability arising from providing alcoholic beverages to another. American Family moved for summary judgment on the basis of specific exclusions in its policy. The

---

[2] The Brasures apparently told the Andersons that Mary Anne and Gregory were likely to assert their Fifth Amendment rights against self-incrimination at any deposition. We include this information solely for the purpose of explaining our unusually abbreviated factual recitation. For purposes of their summary judgment motions, both Brasures conceded the facts as alleged in the complaint were true. American Family also premised its motion on the facts as alleged in the complaint.

trial court entered a judgment that (1) granted summary judgment finding Mary Anne immune, dismissing claims against her and American Family; (2) granted summary judgment finding Gregory immune, dismissing claims against him and American Family; (3) granted summary judgment finding that American Family's policy did not cover Gregory; and (4) denied summary judgment regarding American Family's coverage of Mary Anne, stating that there were genuine issues of material fact regarding her coverage.[3] The Andersons now appeal the three parts of the motion that were granted.

## Discussion

■

¶ 4. We review summary judgments de novo, applying the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). The methodology is well established and need not be repeated here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751. Interpretation of a statute is a question of law we review de novo. *Kwiatkowski v. Capitol Indem. Corp.*, 157 Wis. 2d 768, 774–75, 461 N.W.2d 150 (Ct. App. 1990).

---

[3] Holdings (3) and (4) apply, according to the trial court, in the event that the underlying actions against Gregory and Mary Anne respectively are reinstated by further ruling of the trial court or on appeal. The Andersons did not appeal part (4); however, American Family seeks reversal of this part in its response. We will not consider American Family's challenge to part (4) because American Family failed to file a cross-appeal to preserve its rights. *See* WIS. STAT. § 809.10(2)(b) (a respondent who seeks modification of the judgment appealed from in the same action shall file a notice of cross-appeal).

¶ 5. WISCONSIN STAT. § 125.035 provides in part:

(2) A person is immune from civil liability arising out of the act of procuring alcohol beverages for or selling, dispensing or giving away alcohol beverages to another person.

. . . .

(4) . . .

(b) Subsection (2) does not apply if the provider knew or should have known that the underage person was under the legal drinking age and if the alcohol beverages provided to the underage person were a *substantial factor in causing injury to a 3rd party.* (Emphasis added.)

## Mary Anne's Immunity

¶ 6. Mary Anne argues that she is immune as a provider under WIS. STAT. § 125.035(2) because Craig was not a third party as contemplated in § 125.035(4)(b). She relies, as did the trial court, on *Kwiatkowski.* Relying on *Kwiatkowski* holds, Mary Anne argues:

1. An underage drinker who does nothing but drink (e.g., provides only to himself) is not a "third party" and thus cannot take advantage of the nonliability exception to sue those who provided to him;

2. An alcohol provider cannot be sued by the underage drinker when the underage drinker hurts himself after drinking too much; and

3. It does not matter whether the alcohol provider gave the alcohol directly to the injured underage drinker, or provided it to another person who in turn provided it to the injured underage drinker: there is no cause of action against either provider.

419

Mary Anne's reliance on and interpretation of *Kwiatkowski* is only partially accurate.

¶ 7. Kwiatkowski, an underage drinker, and his companion, Pederson, were at a bar owned by Schmechel. *Id.* at 771. The bartenders—Schmechel's employees—served Kwiatkowski directly. *Id.* They also served Pederson, who brought drinks to Kwiatkowski. *Id.* At the end of the evening, Kwiatkowski and Pederson got into a vehicle operated by Kwiatkowski and were involved in an accident. *Id.* Both were injured. Kwiatkowski alleged negligence per se by Pederson and Schmechel for providing alcohol to a minor, *id.* at 771–72, but the case was dismissed after the trial court determined the immunity exception did not apply. *Id.* at 774. We affirmed the trial court. *Id.* at 777.

¶ 8. Mary Anne draws analogies between herself and Schmechel, Gregory and Pederson, and Craig and Kwiatkowski. In *Kwiatkowski*, however, the question was whether the statute placed limitations on who could be plaintiff. We upheld the trial court's conclusion that the provider's immunity is lost only when the injured third party is a claimant, not when the consumer of alcohol is the claimant. *Id.* In *Kwiatkowski*, *both* Schmechel and Pederson provided alcohol directly to Kwiatkowski. In other words, Kwiatkowski could not be considered a third party as contemplated by Wis. Stat. § 125.035(4)(b).

¶ 9. In the present case, Mary Anne did not directly provide Craig with alcohol. For her to accurately analogize her case to *Kwiatkowski*, Schmechel could only have served Pederson. Schmechel, however, also served Kwiatkowski. *Id.* at 771. Thus, Mary Anne's third contention about *Kwiatkowski*, that it does not matter to whom the provider gave alcohol, is inaccurate.

420

██

¶ 10. Mary Anne's second argument about *Kwiat-kowski* seemingly ignores *Miller v. Thomack*, 204 Wis. 2d 242, 264, 555 N.W.2d 130 (Ct. App. 1996), in which we stated:

> We cannot say that it is clear that the legislature intended that a person who provides alcohol to an underage person . . . is immune from liability in a suit by [a] third party solely because that third party . . . illegally consumed alcohol.

Mary Anne's second contention, that an underage drinker cannot sue the provider when the drinker hurts himself, is true in the case where there is only a first party (the provider) and a second party (the drinker).[4] *See Meier v. Champ's Bar & Grill*, 2001 WI 20, ¶ 24, 241 Wis. 2d 605, 623 N.W.2d 94. However, *Miller* says that suit is not precluded by an injured third party simply because the third party may also have been drinking.[5] *Miller*, 204 Wis. 2d at 264. Thus, the Andersons' suit is not automatically preempted as Mary Anne claims.

¶ 11. Mary Anne also ignores the most recent case law to apply Wis. Stat. § 125.035, *Meier*, which points out at ¶ 24:

---

[4] This is the extent to which Mary Anne's first contention about *Kwiatkowski* applies. *See Kwiatkowski v. Capitol Indem. Corp.*, 157 Wis. 2d 768, 461 N.W.2d 150 (Ct. App. 1990).

[5] This holding is consistent with the plain language of Wis. Stat. § 125.035(4)(b). Its focus is on the alcohol *provided,* not consumed, as a substantial factor in causing the third party's injury.

> [T]he *transactional focus* of § 125.035(4)(b) is the *provision* of alcohol to underage persons. The principal parties to such a transaction are: (1) providers and (2) underage drinkers. When the transaction between these principals is a substantial factor in causing harm to a third party the statutory immunity is lifted and a third party may proceed against a provider. (Emphasis added; footnote omitted.)

In this case, there are two transactions. In the first transaction, Mary Anne provided the alcohol to Gregory. In the second transaction, Gregory provided the alcohol to Craig.[6] The transactions are separated by time, location, and participants.[7]

¶ 12. When Mary Anne purchased the vodka for Gregory, Craig was not present. Nothing indicates, and indeed neither Mary Anne nor Gregory suggests, that Craig asked for the liquor, paid for the liquor, or was present for or aware of its purchase.[8] Nothing suggests Mary Anne knew Gregory would give the vodka to others. Mary Anne was not present when the alcohol was shared; only Gregory, Craig, and Robert were at the vacation property. Because Mary Anne provided alcohol, a substantial factor in Craig's death, to Gregory only, Craig was a third party to that transaction and Mary Anne is not immune from suit under Wis. Stat. 125.035(2).

---

[6] It is undisputed that the alcohol was at least a "substantial factor" in Craig's death.

[7] We do not necessarily intend to prescribe these distinctions as a rigid formula for determining when or whether separate transactions occur.

[8] The Andersons originally pled that Mary Anne gave the alcohol to Gregory or Craig, but later conceded that nothing supported the argument she supplied directly to Craig.

422

## Gregory's Immunity

■

¶ 13. Gregory provided alcohol directly to Craig. For that reason, Gregory is shielded under WIS. STAT. § 125.035(2), which provides immunity to those who give alcoholic beverages to another person. The Andersons, however, argue that Gregory was negligent in other ways such that § 125.035(2) is inapplicable. The Andersons allege that Gregory intentionally tried to get Craig drunk and that therefore immunity is lost pursuant to § 125.035(3).[9] The Andersons also allege Gregory was negligent by failing to supervise Craig's consumption of alcohol, failing to stop serving Craig the alcohol once it was apparent he was intoxicated, failing to obtain medical assistance, and for other actions or inactions. The Andersons' arguments are unavailing.

¶ 14. To prevail on their argument that Gregory acted contrary to WIS. STAT. § 125.035(3) and is thus stripped of immunity, the Andersons must be able to show that Gregory either lied to Craig about the alcoholic content of the drinks Gregory was providing or that Gregory forced Craig to consume the alcohol. Intent to cause intoxication is irrelevant because it is not mentioned in the statute. While Gregory may have in fact intended that Craig become intoxicated, nothing in the record supports the contention that this was achieved through deceit or force as required by the plain statutory language.

---

[9] WISCONSIN STAT. § 125.035(3) states that the immunity of § 125.035(2) does not apply if the provider of alcoholic beverages "causes their consumption by force or by representing that the beverages contain no alcohol."

¶ 15. The Andersons argue that the best way for Gregory to accomplish his posited objective would be by "telling Craig Anderson that the beverage contained no alcohol, or misleading Craig Anderson about the amount of vodka in the drinks" Gregory served. This argument assumes speculative facts. The only evidence the Andersons direct us to is an affidavit their attorney submitted in which the attorney avers that "in a written statement attached to the police report, Gregory Brasure said he helped Craig Anderson from the toilet to the bed and that he poured some Sunny Delight [a nonalcoholic drink] in one of Craig Anderson's drinks without alcohol." The Andersons also claim that the police report states Gregory was mixing the drinks. The Andersons believe this evidence indicates Gregory may have lied about the alcoholic content of the drinks he served to Craig.

¶ 16. This evidence fails to support the Andersons' argument. At best, it indicates that Craig had at least one drink that did not contain alcohol. Nothing was pled, nor was any evidence presented, that would indicate Gregory was deceitful about the amount of alcohol in the drinks he provided.[10]

¶ 17. There is also nothing pled or presented that would suggest Gregory forced Craig to drink the alcohol. Robert Tripp submitted an affidavit in which he stated that all three men voluntarily consumed the alcohol. The Andersons argue that Robert was not at the vacation home all night and therefore could not

---

[10] The Andersons also claim that Gregory's refusal to be deposed creates genuine issues of material fact. However, we reject this claim. *See* ¶ 18, *infra.*

know what happened at other times, but this provides no support for their claim that Gregory forced Craig's consumption.

¶ 18. The Andersons' deceit and force argument is premised on mere speculation. Gregory's refusal to be deposed does nothing to change this. The Andersons have failed to make a prima facie case for deceit or force, and Gregory's supposedly intentional acts are not necessarily synonymous with deceitful or forceful ones.

¶ 19. Gregory's alleged failures to supervise Craig's consumption of vodka and to stop serving him once it was apparent he was intoxicated cannot be separated from the "transactional focus" of WIS. STAT. § 125.035. They cannot give rise to a separate cause of action because they are necessarily part of Gregory's provision of the vodka.

¶ 20. As for Gregory's other actions or inactions, the "basic principle of duty in Wisconsin is that a duty exists when a person fails to exercise reasonable care—when it is foreseeable that a person's act or omission may cause harm to someone."[11] *See Stephenson v. Universal Metrics, Inc.*, 2002 WI 30, ¶ 23, 251 Wis. 2d 171, 641 N.W.2d 158. Both Gregory and Craig were at least eighteen at the time—neither was a minor so neither had any heightened duty to supervise the other. Unlike *Stephenson*, where a man was exposed to liability for offering to drive his drunk co-worker home then failing to do so, nothing suggests Gregory took on any

---

[11] Of course, WIS. STAT. § 125.035 provides an exception to this general rule for the act of providing alcohol to others.

special duty.[12] In short, nothing in the record suggests Gregory had affirmatively assumed a particular duty of care toward Craig.

¶ 21. In their brief, however, the Andersons argue Gregory was negligent by moving Craig's body once he was unconscious. They argue that once Gregory took the action of moving Craig, he had a duty of reasonable care. *See id.* Once he assumed that duty, the Andersons contend that Gregory should have called for medical assistance and was negligent by not doing so. Additionally, the coroner noted some abrasions on Craig's body and a small abrasion on his head. The Andersons argue this shows negligence by Gregory.

¶ 22. First, nothing in the record suggests that Gregory knew Craig's situation was so serious as to require medical attention. Second, the toxicology report showed Craig's blood ethanol concentration was .374% and the urine test showed a concentration of .402%. The coroner attributed death to acute alcohol intoxication, not to any of the abrasions. The Andersons fail to show how, as a matter of law, Gregory moving Craig's body was negligent or otherwise a breach of some duty when nothing suggests moving Craig's body contributed to his death.

---

[12] The supreme court said one of the defendants in *Stephenson v. Universal Metrics, Inc.*, 2002 WI 30, ¶ 24–25, 251 Wis. 2d 171, 641 N.W.2d 158, could be liable based on his affirmative assumption of responsibility for the co-worker, but that he was absolved of liability because of WIS. STAT. § 125.035.

### Insurance Coverage[13]

¶ 23. The interpretation of an insurance contract and the conclusion as to whether coverage exists under a given contract are questions of law we review independently. *Ledman v. State Farm Mut. Auto. Ins. Co.,* 230 Wis. 2d 56, 61, 601 N.W.2d 312 (Ct. App. 1999). Assuming Gregory is not immune, the Andersons claim that Gregory should be covered under his father's insurance policy. American Family claims that two exceptions preclude coverage.

¶ 24. The relevant exceptions state:

> 8. **Illegal Consumption of Alcohol. We** will not cover **bodily injury** or **property damage** arising out of the **insured's** knowingly permitting or failing to take action to prevent the illegal consumption of alcohol beverages by an underage person.
>
> . . . .
>
> 10. **Intentional Injury. We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**.

¶ 25. Exclusion 8 is sufficient to preclude coverage for Gregory. It is undisputed that Gregory knew Craig was underage and that Gregory did nothing to prevent Craig from drinking the vodka. Craig's death

---

[13] Our affirmance of Gregory's immunity should render the coverage issue moot. We nonetheless choose to address the coverage question to provide American Family with a disposition that is not contingent upon Gregory's statutory immunity.

427

resulted solely from the alcohol that Gregory knowingly permitted Craig to drink. Even if we were to conclude that the Andersons' "other actions or inactions" argument had merit, coverage would still be precluded under exclusion 8. We note additionally that assuming the Andersons are correct that Gregory's intention was that Craig become inebriated, coverage would also be precluded by exclusion 10.

### Summary

¶ 26. The portions of the summary judgment finding Gregory immune under WIS. STAT. § 125.035 and dismissing him and confirming the American Family policy does not cover him are affirmed. The portion of the summary judgment finding Mary Anne immune under the statute is reversed. The remainder of the judgment was not appealed.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded. No costs on appeal.