Mark ANDERSON and Janet Anderson, his wife, Plaintiffs-Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant-Respondent,

Mary Anne BRASURE, Defendant-Respondent-Petitioner,

Gregory L. BRASURE, Defendant-Respondent.

Supreme Court

*No. 02–0980. Oral argument September 16, 2003.— Decided November 25, 2003.*

2003 WI 148

(Also reported in 671 N.W.2d 651.)

For the defendant-respondent-petitioner there were briefs by *Mark A. Pennow, Tina M. Dahle* and *Denissen, Kranzush, Mahoney & Ewald, S.C.,* Green Bay, and oral argument by *Mark A. Pennow.*

For the plaintiffs-appellants there was a brief by *Frank W. Kowalkowski* and *Hanaway, Weidner, Bachhuber, Woodward & Maloney, S.C.,* Green Bay, and oral argument by *Frank W. Kowalkowski.*

An amicus curiae brief was filed by *Edward E. Robinson* and *Cannon & Dunphy, S.C.,* Brookfield, on behalf of The Wisconsin Academy of Trial Lawyers.

¶ 1. DIANE S. SYKES, J. In Wisconsin, persons who furnish alcohol beverages to others are statutorily immune from civil liability arising out of the act of furnishing the alcohol. *See* Wis. Stat. § 125.035(2)

(1999–2000).[1] This immunity is subject to an exception: if the provider knew or should have known that the person to whom he was providing the alcohol was under the legal drinking age and the alcohol provided to the underage person is a substantial factor in causing injury to a third party, there is no immunity. Wis. Stat. § 125.035(4).

¶ 2. The issue in this case is whether an underage drinker who is injured as a result of the consumption of alcohol that was provided to a companion underage drinker is an injured "third party" under the exception to immunity. We hold that he is.

¶ 3. The defendant, Mary Anne Brasure, provided a bottle of vodka to her 19–year-old son, Gregory, who took the vodka to the family's vacation home where he and two friends drank it. One of the friends, Craig Anderson, died of acute alcohol intoxication. Craig's parents sued Mary Anne Brasure.

¶ 4. The circuit court applied the statutory immunity and dismissed the case on summary judgment. The court of appeals reversed, concluding that Craig was an injured third party within the meaning of the exception to immunity for injuries to third parties arising out of the provision of alcohol to underage persons. *Anderson v. Am. Family Mut. Ins. Co.*, 2002 WI App 315, ¶ 1, 259 Wis. 2d 413, 655 N.W.2d 531.

¶ 5. We affirm. Craig Anderson was a third party to the illegal provision of alcohol by Mary Anne Brasure to her underage son, Gregory. While Craig Anderson's consumption of the alcohol may well affect the factfinder's evaluation of his contributory negligence, it does not alter his status as a third party to the original

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

illegal transaction between Mary Anne Brasure and her son for purposes of the statutory exception to immunity.

## I. FACTS AND PROCEDURAL HISTORY

¶ 6. This is an appeal from an order of summary judgment. Therefore, we take the following facts from the pleadings and materials submitted on the motion in the circuit court. On or about March 19, 1999, Mary Anne Brasure ("Mary Anne") purchased a 1.75 liter bottle of vodka for her son Gregory, who was then 19 years old, and left it on her kitchen table with a note that said, "Greg, you owe me $12.00." Gregory took the vodka to the family's vacation property in rural Marinette County, where he and two friends, Craig Anderson and Robert Tripp, drank it. Late that night or early the next morning, Craig died of acute alcohol intoxication, having consumed enough alcohol to put his blood alcohol concentration at between .357 percent and .402 percent.

¶ 7. Craig's parents, Mark and Janet Anderson, brought a claim in Marinette County Circuit Court for Craig's wrongful death, naming Mary Anne, Gregory, and the Brasures' insurer, American Family Mutual Insurance Company ("American Family") as defendants. Mary Anne and Gregory moved for summary judgment on the basis of the immunity statute, Wis. Stat. § 125.035(2). American Family moved for summary judgment on the basis of exclusions in its homeowner's policy. The Honorable Tim A. Duket granted summary judgment in favor of Mary Anne and Gregory, concluding that they were immune under the statute, and also granted American Family's motion in part, finding no coverage under the insurance policy for

the claim against Gregory but concluding that material issues of fact existed as to coverage for the claim against Mary Anne.[2]

¶ 8. The court of appeals affirmed the circuit court as to the insurance coverage issue and Gregory's immunity, but reversed as to Mary Anne's immunity. *Anderson,* 259 Wis. 2d 413, ¶ 1. The court held that because Craig was a third party to the transaction whereby Mary Anne provided alcohol to Gregory, and because the alcohol Mary Anne provided to Gregory was a substantial factor in causing Craig's death, Mary Anne is subject to suit under the exception to immunity contained in Wis. Stat. § 125.035(4)(b). *Anderson,* 259 Wis. 2d 413, ¶ 12. We granted review, and now affirm.

## II. STANDARDS OF REVIEW

¶ 9. In reviewing a grant of summary judgment, we employ the same methodology used by the circuit court. *Stelpflug v. Town of Waukesha,* 2000 WI 81, ¶ 17, 236 Wis. 2d 275, 612 N.W.2d 700. Summary judgment is appropriate when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). The resolution of this case also requires the interpretation of Wis. Stat. § 125.035 in the context of undisputed facts. A question of statutory interpretation is a question of law that we review de novo. *Czapinski v. St. Francis Hosp., Inc.,* 2000 WI 80, ¶ 12, 236 Wis. 2d 316, 613 N.W.2d 120.

---

[2] The circuit court's summary judgment orders in favor of Gregory and American Family are not before this court.

## III. DISCUSSION

¶ 10. The Andersons' suit against Mary Anne is predicated on Craig being an injured third party under the exception to immunity contained in Wis. Stat. § 125.035(4)(b). The immunity statute states the general rule of immunity as follows: "A person is immune from civil liability arising out of the act of procuring alcohol beverages for or selling, dispensing or giving away alcohol beverages to another person." Wis. Stat. § 125.035(2). The note that Mary Anne affixed to the bottle of vodka establishes that she procured alcohol for Gregory. This fact, which is undisputed, is sufficient to trigger the general grant of immunity from civil liability under Wis. Stat. § 125.035(2).

¶ 11. Mary Anne loses this immunity, however, if the exception contained in Wis. Stat. § 125.035(4) applies. The exception is comprised of two subsections. The first sets limits on who may be covered by the exception; the second sets forth the substantive conditions necessary for satisfying the exception. The first subsection states:

> In this subsection, "provider" means a person, including a licensee or permittee, who procures alcohol beverages for or sells, dispenses or gives away alcohol beverages to an underage person in violation of s. 125.07(1)(a).

Wis. Stat. § 125.035(4)(a).

█

¶ 12. Mary Anne's status as a "provider" under this definition depends upon whether her provision of alcohol to Gregory was in violation of Wis. Stat. § 125.07(1)(a). That statute states that "[n]o person may procure for, sell, dispense or give away any alcohol beverages to any underage person not accompanied by

129

his or her parent, guardian or spouse who has attained the legal drinking age." Wis. Stat. § 125.07(1)(a). Applying this statute to the undisputed facts here, it is clear that Mary Anne is a "provider" for purposes of the exception to immunity under Wis. Stat. § 125.035(4)(a), because she gave her underage son Gregory a bottle of vodka while he was unaccompanied by a parent, in violation of Wis. Stat. § 125.07(1)(a).

¶ 13. The substantive subsection of the immunity exception provides, in relevant part:

> Subsection (2) [the grant of immunity] does not apply if the provider knew or should have known that the underage person was under the legal drinking age and if the alcohol beverages provided to the underage person were a substantial factor in causing injury to a 3rd party.

Wis. Stat. § 125.035(4)(b). Mary Anne knew her son Gregory was under the legal drinking age. She argues that Craig is not a third party under Wis. Stat. § 125.035(4)(b).

¶ 14. Mary Anne contends that because Craig consumed the vodka that ultimately killed him, he himself is a "provider" under the terms of the statute and therefore cannot also be a third party. Mary Anne reasons that Craig is a "provider" because he "procured" the vodka from Gregory before drinking it; in other words, he "provided" the vodka to himself by drinking it with Gregory. This use of the term "provider" is illogical and runs contrary to the use of the term in the statute.

¶ 15. The general focus of the statute—both the immunity grant and the exception—is on the provision of alcohol beverages by one person to another, and

130

whether the one who does the providing can be held liable for any injuries that may flow from that act. *Meier v. Champ's Sport Bar & Grill, Inc.*, 2001 WI 20, ¶ 24 n.10, 241 Wis. 2d 605, 623 N.W.2d 94. The statute itself is not concerned with a person's own contributory liability for providing alcohol to himself, although the injured person's contributory fault may bear upon a defendant's ultimate liability.

■

¶ 16. The status of the injured person as a third party to the provider's act of furnishing the alcohol comes into play in determining the applicability of the exception to immunity. The exception defines "provider" as one who "procures alcohol beverages for . . . an underage person in violation of s. 125.07(1)(a)," and proceeds to eliminate the provider's immunity where the provision of alcohol to the underage person causes injury to a third party. Wis. Stat. § 125.035(4)(a), (b). If the injured claimant is a third party to the transaction by which the defendant provided alcohol to an underage person, and the alcohol was a substantial factor in causing the third-party claimant's injury, then the exception to immunity applies and the defendant may be liable to the claimant.

¶ 17. Therefore, the applicability of the immunity exception to Mary Anne's potential liability to the Andersons for Craig's wrongful death depends upon whether Craig was a third party to the transaction by which Mary Anne provided alcohol to Gregory. Whether Gregory was secondarily a "provider" to Craig or Craig "provided" to himself by drinking with Gregory is not relevant. That Craig may be considered a first party to a subsidiary transaction between himself and Gregory (because they consumed the alcohol together) does not

make him a party to the transaction by which Mary Anne provided the alcohol to Gregory.

¶ 18. By its terms, then, the exception to immunity under Wis. Stat. § 125.035(4)(b) applies when: 1) the injured person is a third party to the provider's act of furnishing alcohol to an underage person when the provider knew or should have known the person was underage; and 2) the alcohol was a substantial factor in causing the third party's injury.

¶ 19. Here, it is undisputed that Mary Anne provided the vodka to Gregory and that Gregory later shared it with Craig. No one has identified any fact tending to show that Craig was present at the time of Mary Anne's provision of alcohol to Gregory. No one has asserted that Craig contributed money to the purchase of the vodka. *See Miller v. Thomack*, 210 Wis. 2d 650, 656–57, 563 N.W.2d 891 (1997) (holding that one who contributes money toward purchase of alcohol beverages for consumption by a person known to be underage, "procures" within the meaning of Wis. Stat. § 125.035(4)).[3] No one has pointed to facts suggesting that Craig asked his friend Gregory to get vodka from his mother or otherwise participated in any way in Mary Anne's provision of the alcohol to Gregory. In

---

[3] In *Miller v. Thomack*, 210 Wis. 2d 650, 660 n.11, 563 N.W.2d 891 (1997), we specifically declined to address the issue presented here—whether an underage consumer of alcohol can be a third party for purposes of the immunity exception in Wis. Stat. § 125.035(4)(b)—as it was not fully argued by the parties. In *Miller* we held only that one "who contributes money with the intent of bringing about the purchase of alcohol beverages for consumption by an underage person whom the person knows, or should know, is under the legal drinking age, procures alcohol beverages for the underage person within the meaning of Wis. Stat. §§ 125.07(1)(a)1. and 125.035(4)." *Id.* at 656.

short, nothing in the record suggests that Craig had any role whatsoever in Mary Anne's provision of alcohol to Gregory.[4] We conclude that Craig is a third party with respect to that transaction.

¶ 20. It is also undisputed that the alcohol was a substantial factor in causing Craig's death. Therefore, the exception to immunity under Wis. Stat. § 125.035(4)(b) applies.

¶ 21. This interpretation of Wis. Stat. § 125.035(4) is consistent with our prior cases applying the exception to immunity. In *Meier,* 241 Wis. 2d 605, ¶ 2, we held that a person who provides alcohol to an underage drinker cannot claim third-party status for purposes of the exception to immunity when he himself is injured by the actions of the intoxicated underage drinker. *Id.* Meier, 19, spent an evening drinking beer at a bar with two companions, one of whom was also 19. Meier ordered and paid for a number of the drinks shared by the trio of drinkers. After leaving the bar in a car driven by the other 19–year-old, the group was involved in a car accident in which Meier was seriously injured. *Id.,* ¶¶ 3–8.

¶ 22. Meier sued the bar and the driver. We held that since Meier had paid for and otherwise procured alcohol for his companion, the underage drinker/driver, which was a substantial factor in causing his own injury, he was a party to the transaction that provided

---

[4] Although the Andersons' complaint alleged that Mary Anne Brasure purchased the alcohol and provided it "to Gregory Brasure and/or Craig P. Anderson," the parties have not asserted that material factual disputes exist on the issue of Craig's involvement in Mary Anne's provision of alcohol to her son Greg, thus conceding Craig's nonparticipation in that act. *See Anderson v. Am. Family Mut. Ins. Co.,* 2002 WI App 31, ¶ 12 n.8, 259 Wis. 2d 413, 422, 655 N.W.2d 531.

the alcohol to the underage person and thus did not qualify as a third party under the statute. *Id.,* ¶ 13. We held in *Meier:* "It is difficult to imagine a class of individuals that the legislature would have more likely intended to exclude from qualifying as a 'third party' than those persons involved in procuring alcohol for the underage drinker who ultimately injures another party." *Id.*

¶ 23. The only similarity between Craig and the injured plaintiff in *Meier* is that both young men consumed alcohol prior to their injuries. But there is a key difference: Meier procured alcohol for the underage drinker who later caused his (Meier's) injury; in contrast, here, Craig did not procure alcohol for Gregory. As we stated in *Meier,* "[t]he transactional focus of § 125.035(4)(b) is the provision of alcohol to underage persons." *Id.,* ¶ 24. It was because Meier was involved in the illegal transaction by which alcohol was provided to his underage friend, not because they consumed alcohol together, that he was precluded from suing under the exception as an injured third party.

¶ 24. Alcohol immunity issues may well arise most often in cases of accidents caused by intoxication, but neither intoxication nor a resultant accident is statutorily necessary for the exception to immunity to apply. The statute requires only the knowing provision of alcohol to an underage person, and an injury to a third party caused by the alcohol. The statutory language does not limit the exception to certain types of injuries. The fact that Craig died as a result of alcohol consumption does not itself take this case outside of the exception to immunity.

¶ 25. In addition, Craig's status as a companion underage drinker does not dictate whether he qualifies as an injured third party under Wis. Stat. § 125.035(4)(b). The statute does not limit third-party status by age, condition of sobriety, or separation of circumstance from the alcohol consumption.[5] It requires only that the injured person be a third party to the defendant/provider's provision of alcohol to an underage person, and that the alcohol so provided is a substantial factor in causing the injury. Craig's age and complicity in his own intoxication are factors for the comparison of negligence, but they do not determine the applicability of the exception to immunity under Wis. Stat. § 125.035(4)(b).

¶ 26. Mary Anne argues that *Kwiatkowski v. Capitol Indemnity Corp.*, 157 Wis. 2d 768, 461 N.W.2d 150 (Ct. App. 1990), unequivocally rules out those who consume alcohol from third-party status. In *Kwiatkowski,* the court of appeals affirmed the circuit court's dismissal of a lawsuit alleging negligence in providing alcohol to an underage person. *Kwiatkowski,* 157 Wis. 2d at 771. Raymond Kwiatkowski, an "obviously intoxi-

---

[5] Mary Anne cites *Doering v. WEA Insurance Group*, 193 Wis. 2d 118, 142–43, 532 N.W.2d 432 (1995), for the proposition that Wis. Stat. § 125.035 disallows a suit by an underage drinker. *Doering* is not applicable here. The case involved a claim against a tavern by a motorist who was injured by an adult intoxicated driver who had been drinking at the tavern. The injured motorist lodged an unsuccessful equal protection challenge to the immunity statute. *Doering* specifically addressed the "single issue" of "whether sec. 125.035, Stats. 1991–92, violates the equal protection clause. . . ." *Id.* at 124. The case did not address the issue of whether an underage drinker can be a third party for purposes of the exception to immunity under Wis. Stat. § 125.035(4)(b).

cated underage drinker," was served alcohol by the Red Lion Entertainment Center in Okauchee, Wisconsin. His companion, Amy Pederson, also bought him alcohol while they were at the tavern. Kwiatkowski and Pederson left the Red Lion in an automobile with Kwiatkowski at the wheel; an accident took place in which Kwiatkowski and Pederson were injured. *Id.*

¶ 27. Kwiatkowski sued the Red Lion, its owner, and Pederson. The court of appeals framed the issue as "whether the statute contemplates a cause of action to a minor consumer of alcohol beverages where a third party [there, Pederson] is injured or whether the cause of action is limited to only the injured third party." *Id.* at 775. The court examined the statute and concluded that it was ambiguous because it "does not expressly grant a cause of action to either category of claimants," but merely "set[s] out when the immunity applies and when it does not." *Id.*

¶ 28. The court in *Kwiatkowski* then turned to the history of the statute and concluded that the statute was in derogation of the common law because it was enacted after two decisions of this court[6] that altered the common law of immunity by permitting a cause of action against providers of alcohol who serve alcohol to minors where the minor's consumption was a cause of injury to a third party. *Id.* at 776–77. The court of appeals held:

> The legislature in sec. 125.035(4)(b), Stats., has not sanctioned by clear, unambiguous and peremptory language a cause of action against a provider by a minor plaintiff whose injuries, at least in part, result from his own consumption of alcohol beverages. Absent such an

---

[6] *Koback v. Crook,* 123 Wis. 2d 259, 366 N.W.2d 857 (1985); *Sorensen v. Jarvis,* 119 Wis. 2d 627, 350 N.W.2d 108 (1984).

> unequivocal statement from the legislature or a further limitation of common law immunity by the supreme court, the present common law rule of nonliability still applies in such a case.

*Id.* at 777.

¶ 29. Mary Anne asserts that *Kwiatkowski* is clear and controlling precedent, and therefore Craig, a consumer of alcohol, cannot be a third party for purposes of the exception to immunity. Mary Anne's reliance on *Kwiatkowski* is misplaced. The premise upon which it relied—that the statute is in derogation of the common law—was subsequently rejected by our decision in *Meier.*

¶ 30. In *Meier,* we recapitulated the history of the enactment of Wis. Stat. § 125.035, and, in particular, the statute's relationship to this court's decisions in *Sorensen v. Jarvis,* 119 Wis. 2d 627, 350 N.W.2d 108 (1984), and *Koback v. Crook,* 123 Wis. 2d 259, 366 N.W.2d 857 (1985). *Meier,* 241 Wis. 2d 605, ¶¶ 30–35. For decades, Wisconsin common law recognized no liability on the part of sellers of alcohol for damages arising from the acts of an intoxicated person. *See, e.g., Farmers Mut. Auto. Ins. Co. v. Gast,* 17 Wis. 2d 344, 117 N.W.2d 347 (1962). In *Sorensen,* 119 Wis. 2d at 629, however, we held that a third party injured by an intoxicated minor could sue a provider who negligently sold intoxicating beverages to a person the seller knew or should have known was underage when the consumption of alcohol was a cause of the accident. In the following term we extended the *Sorensen* rule to social hosts who serve alcohol to minors where the minor's consumption was a cause of injury to a third party. *See Koback,* 123 Wis. 2d at 275.

¶ 31. The legislature responded to *Sorensen* and *Koback* by enacting statutory immunity from liability arising from the provision of alcohol beverages, Wis. Stat. § 125.035(2), effectively codifying the old common-law rule. *Meier,* 241 Wis. 2d 605, ¶ 33. At the same time, the legislature adopted the exception to immunity contained in subsection (4)(b), which permits a cause of action in situations like those present in *Sorensen* and *Koback. Id., ¶* 34. Thus, we said in *Meier:*

> [b]ecause the legislature drafted § 125.035 with *Sorensen* and *Koback* in mind and because the statute tracks the language of the case law, we conclude that the statute is not one in derogation of the common law, but indeed is one that attempted to codify the common law as it existed in 1985.

*Id.*

¶ 32. Although this passage from *Meier* is enough to rebut Mary Anne's reliance on *Kwiatkowski,* a footnote to our decision in *Meier* forecloses her argument definitively. We recognized in *Meier* that our interpretation ran contrary to conflicting court of appeals' discussions, in *Kwiatkowksi,* 157 Wis. 2d at 776–77, and *Miller,* 204 Wis. 2d at 263, regarding the immunity statute's relationship to the common law. *Meier,* 241 Wis. 2d 605, ¶ 34 n.16. Therefore, to avoid any possible confusion on the issue, we specifically held: "To the extent that the court of appeals discussions [regarding statutes in derogation of the common law] in *Miller* and *Kwiatkowski* are inconsistent with this opinion, such discussions are no longer valid precedent." *Id.*

¶ 33. Although *Kwiatkowski*'s interpretation of the immunity statute's relationship to the common law was erroneous, the result in the case would have been

138

the same under our interpretation of the statute in *Meier* and here. The facts in *Kwiatkowski* were significantly different from the facts in this case. Craig, like Kwiatkowski, consumed the alcohol that was a substantial factor in causing his injury. Kwiatkowski, however, could not claim third-party status to the transaction by which the alcohol was provided, because his suit was against the tavern which had provided alcohol directly to him and his companion, Pederson. *Kwiatkowski,* 157 Wis. 2d at 771. Here, the Andersons are suing Mary Anne, who provided alcohol directly to her son Gregory, but not to Craig; the Andersons' son Craig was a third party to Mary Anne's provision of alcohol to Gregory.

¶ 34. We have previously observed that the exception to immunity is intended to discourage the knowing provision of alcohol to underage persons by making providers liable for third-party injuries. *Meier,* 241 Wis. 2d 605, ¶ 27; *Miller,* 210 Wis. 2d at 668–69. A provider has a defense to the applicability of the exception if he or she was actively misled about the recipient's age. The statute restores immunity if the facts establish all of the following:

1. The underage person falsely represents that he or she has attained the legal drinking age.

2. The underage person supports the representation with documentation that he or she has attained the legal drinking age.

3. The alcohol beverages are provided in good faith reliance on the underage person's representation that he or she has attained the legal drinking age.

4. The appearance of the underage person is such that an ordinary and prudent person would believe that he or she had attained the legal drinking age.

Wis. Stat. § 125.035(4)(b)1.-4.

¶ 35. This defense to the immunity exception further demonstrates that the focus of the statute is on the transaction between the provider and the underage person. By restoring the provider's statutory immunity where the facts establish deception by the underage person, the legislature has opted to permit civil liability to injured third parties only where the provider knew or should have known that he or she was directly violating the state drinking law. Such is the case here.

■■■

¶ 36. Accordingly, we conclude that an underage drinker who is injured or dies as a result of the consumption of alcohol that was illegally provided to a companion underage drinker is an injured third party for purposes of the exception to immunity under Wis. Stat. § 125.035(4)(b). The exception applies under these circumstances, and the Andersons may proceed with their suit against Mary Anne for the death of their son, Craig, arising out of Mary Anne's provision of alcohol to her underage son, Gregory. While Craig's own consumption will bear upon his contributory negligence, it does not affect his status as a third party to Mary Anne's provision of alcohol to Gregory for purposes of the statutory exception to immunity.

*By the Court.*—The decision of the court of appeals is affirmed.